UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| E. SCOTT FRISON, JR., | ) |
|       Plaintiffs, | ) |
| | ) Civil Action No. 1:06CV01974 (RCL) |
| v. | ) |
| MBNA, | ) |
|       Defendant. | ) |

**MOTION TO DISMISS COMPLAINT**

        MBNA America Bank, N.A. ("MBNA"), erroneously sued as MBNA, a corporation, by counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiff E. Scott Frison, Jr.'s ("Plaintiff") Complaint against MBNA. In support of this Motion, MBNA states the following:

        (1)     Plaintiff's claim for fraud in Count I fails to state a claim upon which relief can be granted, as Plaintiff's allegations are based on transactions between himself and third-parties, to which MBNA was not a party; furthermore, Plaintiff has not allege any of the essential elements of fraud against MBNA with sufficient particularity as required by Rule 9(b);

        (2)     Plaintiff's claim for defamation in Count II fails to state a claim upon which relief can be granted, as Plaintiff has not alleged that MBNA made any false and defamatory statements;

        (3)     Plaintiff's claim for breach of contract in Count III fails to state a claim upon which relief can be granted, as the alleged contracts at issue were entered into between Plaintiff and third-parties, and MBNA was not a party to those contracts;

1

(4)     Plaintiff's claims in Count IV and V for violations of the Fair Debt Collection Practices Act fail to state a claim upon which relief can be granted, since MBNA is not a "debt-collector" under the FDCPA; MBNA is a "creditor," and creditors are expressly excluded from the provisions of the FDCPA.

In further support of its motion, MBNA respectfully refers the Court to its accompanying memorandum of points and authorities, incorporated herein by reference.

WHEREFORE, defendant MBNA asks that its Motion to Dismiss be granted, that the Complaint be dismissed against it with prejudice, and that it be awarded its costs and such further relief that the Court finds appropriate.

MBNA America Bank, N.A.

By:     /s/ Allison M. Lefrak
**REED SMITH LLP**
Allison M. Lefrak, Esq.
D.C. Bar No. 485650
Suite 1100 -- East Tower
1301 K Street, N.W.
Washington, D.C. 20005
Phone: (202) 414-9483
Fax:    (202) 414-9299

Attorney for Defendant
MBNA America Bank, N.A.
erroneously sued as MBNA, a
corporation

Dated: January 25, 2007

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| E. SCOTT FRISON, JR. ESQ., )<br>)<br>Plaintiffs, )<br>) Civil Action No. 1:06CV01974 (RCL)<br>v. )<br>)<br>MBNA, )<br>)<br>Defendant. )<br>) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MBNA'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

**REED SMITH LLP**
Allison M. Lefrak, Esq.
D.C. Bar No. 485650
Suite 1100 -- East Tower
1301 K Street, N.W.
Washington, D.C. 20005
Phone: (202) 414-9483
Fax:    (202) 414-9299

Attorney for Defendant
MBNA America Bank, N.A.
erroneously sued as MBNA, a corporation

Dated:  January 25, 2007

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

In this action, Plaintiff E. Scott Frison, Jr. ("Plaintiff"), an attorney pursuing his claims in *pro per*, alleges that Defendant MBNA Bank, N.A. ("MBNA"), erroneously sued as MBNA, a corporation, breached certain credit protection insurance policies. These policies ensure that a credit card member's outstanding credit balance will be paid, up to certain limits, in the event the member is unable to make payments due to disability or prolonged unemployment. Plaintiff alleges he enrolled in these policies and made a claim against these policies, and yet MBNA failed to extinguish his balance. Plaintiff now seeks to recover in excess of $500,000 dollars against MBNA in compensatory and punitive damages.

There is just one problem: The allegations in the Complaint, and the exhibits attached thereto, unequivocally establish that **MBNA did not issue the policies**, and was in no way responsible for approving claims made against the policies or otherwise making any payments under the polices. In fact, nowhere in the Complaint does Plaintiff actually allege that MBNA issued the policies. Nor can he because MBNA is merely the credit card issuer and, as evidenced by the documents attached to the Complaint, the insurance policies of which Plaintiff complains were issued by independent, third-party entities—Union Security Life Insurance Company ("Union") and American Security Insurance Company ("American"). *MBNA has nothing do with these companies or the policies at issue.* MBNA cannot be held liable for breach of contracts to which it was not even a party. Because all of Plaintiff's claims are premised on the alleged breach of these policies, Plaintiff's Complaint, which only names MBNA, must be dismissed as a matter of law.

Setting aside Plaintiff's flawed premise—that MBNA can be held liable for the conduct of Union or American—Plaintiff's Complaint must also be dismissed because Plaintiff has simply failed to allege sufficient facts to support any of his purported claims. For instance, Plaintiff's fraud claim falls grossly shortly of Federal Rule of Civil Procedures ("FRCP") Rule 9(b)'s requirement that fraud claims be alleged with sufficient "particularity." Nowhere in the

1

Complaint does Plaintiff aver such basic facts as what the allegedly false statements were, who made them, and when. Plaintiff's defamation claim similarly fails to allege that MBNA made any false and defamatory statements.

Plaintiff's claims that MBNA somehow violated the Federal Fair Debt Collection Practices Act ("FDCPA" or the "Act") also fail as a matter of law because FDCPA applies only to "debt-collectors" and not creditors like MBNA. In fact, the FDCPA specifically excludes creditors from its application. Consequently, Plaintiff cannot state any FDCPA claims against MBNA.

For these reasons, developed below, Plaintiff's Complaint and each of his claims therein must be dismissed <u>with</u> prejudice as a matter of law.

## II.    MATERIAL ALLEGATIONS OF PLAINTIFF'S COMPLAINT

In or about February 1999, Plaintiff received a letter and promotional literature from MBNA advising him of a GoldPlus Credit Protection ("GoldPlus") program which is a group insurance plan offered to certain account holders such as Plaintiff.[1]  (Complaint at ¶¶ 4-7 and Exs. 1-4). Enrollment into the GoldPlus program was "through" MBNA (*Id.* at ¶ 6), but the literature indicated that the policies were issued by independent, unaffiliated insurance carriers. For instance, the documents identified the "Underwriting Companies/Policy" as American Security and Union Security Life. (*Id.* at Ex. 4, 5 and 6). Furthermore, the documents expressly stated: "This product . . . is not guaranteed by MBNA America Bank, N.A., and is not a condition of obtaining credit." (*Id.*)

More then a year later, in or about July 2000, Plaintiff elected to enroll in the GoldPlus program. (*Id.* at ¶ 8).

Sometime in December 2000 or early 2001, Plaintiff received two credit protection insurance policies issued by Union Security Life Insurance Company and American Security

---

[1] Although Plaintiff's allegations must be deemed true for purposes of this Motion, MBNA denies each and every one of them.

Insurance Company. (*Id.* at ¶¶ 13-14 and Exhs. 15, 15A, 16 and 16A).

Plaintiff alleges that in April 2000 he filed a claim for benefits and that MBNA refused to process his claims. (*Id.* at ¶¶ 15-16). Plaintiff alleges that MBNA charged-off his debt and continues to report the debt to credit reporting agencies as a charge-off, purportedly causing Plaintiff economic damages and injury to his name. (*Id.* at ¶¶ 19-20). Consequently, Plaintiff seeks to recover in excess of $500,000 under the theories of fraud, breach of contract, defamation, and violation of the FDCPA.

### III. LEGAL ARGUMENTS

#### A. To Overcome A Motion To Dismiss Pursuant to FRCP 12(b)(6), Plaintiff Must Show that He Has Alleged Sufficient Facts To State A Claim

Under Federal Rule of Civil Procedure 12(b)(6) "'[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Ellipso, Inc. v. Mann*, No. 05-1186 (RCL), 2006 U.S. Dist. Lexis 79827, at *7 (D.C.C. Nov. 2, 2006) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). "While the Court must construe the factual allegations in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of factual inferences that can be derived from the facts alleged, the Court will not accept conclusory allegations or draw inferences not supported by the facts alleged in the complaint." *Id.* In ruling on a motion to dismiss, the Court considers facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of judicial notice, and matters of public record. *Klayman v. Judicial Watch, Inc.*, No. 06-670 (CKK), 2007 U.S. Dist. Lexis 3197, at *18 (D.D.C. Jan. 17, 2007).

#### B. Plaintiff's Credit Protection Policies Were Not Issued By MBNA, And Therefore Each of Plaintiff's Claims Against MBNA Fails As A Matter Of Law

Whether couched as a tort, contract, or statutory claim, each and every one of Plaintiff's causes of action is premised on his unsubstantiated theory that MBNA is somehow liable for

purportedly refusing to process Plaintiff's claim under credit protection policies. (*Id.* at ¶¶ 15-16). However, the documents attached to the Complaint show that **MBNA did not issue the credit protection policies**, was not a party to those policies, and did not have any responsibility for processing or approving claims under those policies. For example, the promotional documents identify the "Underwriting Companies/Policy" issuers as American Security and Union Security Life. (*Id.* at Ex. 4, 5 and 6). Furthermore, the documents expressly state: "This product . . . is not guaranteed by MBNA America Bank, N.A., and is not a condition of obtaining credit." (*Id.*) Moreover, Plaintiff acknowledges in his Complaint that his credit protection policies were issued to him by Union Security Life Insurance Company and American Security Insurance Company, not by MBNA. (*Id.* at ¶¶ 13-14 and Exhs. 15, 15A, 16 and 16A). Simply put, Plaintiff does not have the insurance policies with MBNA. Therefore, Plaintiff cannot state any claim against MBNA arising out of a denial of a claim under these policies.

The policy contracts themselves, attached to the Complaint as Exhibits 15, 15A, 16, and 16A, further clarify that they are agreements between Plaintiff and the insurance companies. Under the terms of the policies, to make a claim Plaintiff must provide proof of the claim directly to the insurance companies, not MBNA. The American Security policy, for example, requires Plaintiff to "[f]urnish us [American Security] with a written statement … and provide us with verification of a loss of income …." (*Id.* at ¶ 14 and Exh. 16A). The Union Security policy likewise states that to make a claim Plaintiff must submit "written proof" of his disability directly to the insurance company. (*Id.* at ¶ 13 and Exh. 15A). Upon the filing of a proper claim for benefits with the carriers, the carriers make payment to MBNA. MBNA does not simply "assume payments" for credit card charges. Therefore, in the event of any claim dispute between Plaintiff and the carriers, Plaintiff is still obligated to make payments on his credit card account.

In short, the allegations in the Complaint, and the documents attached thereto, clearly establish that the policies at issue in this case, and which underlie each of Plaintiff's claims, are contracts solely between Plaintiff and the insurance companies. MBNA is not a party to those contracts, and cannot be liable for any denial of claims submitted under those contracts. Therefore, each of Plaintiff's claims, all of which hinge on an alleged denial of a claim under the

insurance polices, fail to state a cause of action against MBNA as a matter of law, and the Court should dismiss this Complaint.[2]

**C.   Plaintiff Has Not Alleged Any Fraudulent Conduct, Much Less Any Intent to Defraud, and Certainly Not With the Sufficient Particularity Required Under Rule 9(b)**

To state a cause of action for fraud, a plaintiff must allege: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) the resulting damage to the party misled. *See Day v. Sidley Austin*, 394 F. Supp. 986, 990 (D.D.C. 1975). Rule 9(b) of the FRCP further requires that "the circumstances constituting fraud or mistake ... be stated with particularity." Fed.R.Civ.P. 9(b).

Specifically, "Courts in this circuit have construed Rule 9(b) to require that 'the pleader ... state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud.'" *Ellipso*, 2007 U.S. Dist. Lexis at *7 (quoting *Kowal v. MCI Communications Corp.*, 16 F. 3d 1271, 1278 (D.C. Cir. 1994)). "This Rule 'usually requires the claimant to allege <u>at a minimum</u> the identity of the person who made the fraudulent statement, the time, place, and content of the misrepresentation, the resulting injury, and the method by which the misrepresentation was communicated.'" *Id.* (emphasis added) (quoting 2-9 Moore's Federal Practice-Civil § 9.03(1)(b)). As such, "allegations in the form of conclusions on the part of the pleader as to the existence of fraud are insufficient." *Hercules & Co. v. Shama Rest. Corp.*, 613 A.2d 916, 923 (D.C. 1992).

Given this heightened pleading standard, it is evident that Plaintiff's Complaint fails to state a claim for fraud. Nowhere in the Complaint does Plaintiff allege with any specificity what *false statements* MBNA made, who at MBNA made them, how, or when. In fact, Plaintiff's

---

[2] Plaintiff's allegation that he filed a claim under the insurance policies is likewise inadequate and provides an additional basis for dismissal of his Complaint. Plaintiff alleges only that "he filed a claim for benefits in April 2000" and that MBNA refused to process his claim. (*Id.* at ¶¶ 15-16). First, according to Plaintiff he did not obtain the insurance policies until July 2000. Therefore, his contention that he filed a claim in <u>April</u> 2000 (before obtaining the policy) makes no sense and is grounds alone to dismiss his Complaint. Second, nowhere in his Complaint does Plaintiff state which entity (MBNA, American or Union) he filed his benefit claim, or under what theory MBNA was required to "process" his claims. As established, MBNA did not issue the policy and therefore had no obligation to "process" any claim, assuming the claim was even filed with MBNA.

fraud claim is premised merely on his allegation that "MBNA represented" that Plaintiff would be provided with credit protection insurance. By his own allegations, however, Plaintiff admits that MBNA *did* enable Plaintiff to enroll in, and that he *did in fact* enroll in credit protection programs with American and Union. Moreover, the MBNA informational material attached to the Complaint specifically identified American and Union as the insurance carriers through which Plaintiff would obtain insurance (*d.* at Ex. 4, 5 and 6), and further indicated that the product *is not guaranteed by MBNA*. (*Id.*) As such, even under Plaintiff's own allegations, MBNA did not make any misrepresentations to Plaintiff about his ability to obtain insurance.

To the extent Plaintiff attempts to allege he was defrauded because the carriers denied his claim for benefits, that is not a claim he can raise against MBNA for two reasons. First, the policies at issue are directly between Plaintiff and the carriers, and MBNA does not play any part in processing or approving claims filed pursuant to the policies. (*Id.* at ¶¶ 13-14 and Exhs. 15A and 16A). As such, MBNA cannot be held liable for either Union's or American's denial of Plaintiff's claim. Second, a denial of Plaintiff's claim under the insurance plans, at best, would merely give rise to a breach of contract action against the carriers (not MBNA), and does not support a fraud claim in any event. Case law is "clear that a subsequent breach of contract does not give rise to a claim of fraud unless fraudulent intent existed at the time of the contract." *Wagshal v. Rigler*, 947 F. Supp. 10 (D.C.C. 1996).

For these reasons, Plaintiff clearly has failed to state any fraud claim against MBNA, and he cannot do so as a matter of law. Thus, Plaintiff's Count I for fraud must therefore be dismissed with prejudice.

**D.** **Plaintiff Has Not Alleged That MBNA Made Any False Or Defamatory Statements To A Third Party**

To state a cause of action for defamation under the law of the District of Columbia, a plaintiff must allege that the purported statement was both false and defamatory. *See Klayman*, 2007 U.S. Dist. Lexis at *50 (stating that statement is actionable only if it is both false and defamatory) (citing *Weyrich v. The New Republic, Inc.*, 235 F.3d 617, 627 (D.C. Cir. 2001)). A

statement is considered defamatory when it "tends to injure plaintiff in his trade, profession or community standing, or lower him in the estimation of the community." *Howard Univ. v. Best*, 484 A.2d 958, 988-89 (D.C. 1984). The defamatory remark must be "more than unpleasant or offensive; the language must make the plaintiff appear odious, infamous, or ridiculous." *Id.* (quoting *Johnson v. Johnson Publishing Co.*, 271 A.2d 696, 697 (D.C. 1970)).

Here, again, Plaintiff has completely failed to allege any false or defamatory statements attributable to MBNA. Plaintiff's claim is based exclusively on his contention that MBNA reported to credit agencies that Plaintiff did not pay a debt he claims he was not obligated to pay. However, Plaintiff has not alleged any facts explaining why Plaintiff was not obligated to pay the debt at issue. To the extent Plaintiff maintains that he was relieved from his debt obligation due to any credit protection insurance, he has not alleged that the carriers paid his debt to MBNA or that MBNA somehow released or excused him from his debt.

Moreover, even assuming *arguendo* that Plaintiff somehow was relieved of his debt obligation, which he wasn't, it is clear that the alleged reporting of his debt to credit agencies simply does not rise to the level of defamation. As noted above, to state a claim, Plaintiff must allege that the false statement was "more than unpleasant or offensive; the language must make the plaintiff appear odious, infamous, or ridiculous." *Id.* The mere act of reporting a failure to pay a debt does not meet this standard.

For these reasons, the Court should dismiss Plaintiff's Count II for defamation with prejudice.

E.      **Plaintiff Has Not Alleged Any Breach of Contract Between MBNA and Plaintiff**

As established in Section III.B. *supra*, the documentary evidence attached to the Complaint clearly shows that the credit protection policies which Plaintiff alleges have been breached are between Plaintiff and the insurance carriers only. MBNA is not party to those agreements. Accordingly, for the reasons stated in Section III.B., *supra*, the Court should dismiss Plaintiff's Count III for breach of contract with prejudice.

**F.     MBNA Is Not A "Debt Collector" As Defined By The Fair Debt Collection Practices Act**

Plaintiff's Counts IV and V for violations of Sections 1692(d) and 1692(e) of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, fail as a matter of law for one simple reason: MBNA is not a "debt-collector" under the FDCPA and therefore is not subject to that Act. Sections 1692(d) and 1692(e) both preclude certain conduct by "debt collectors". 15 U.S.C. §§ 1692(d) and 1692(e). The FDCPA, however, limits the definition of "debt collectors" to:

> "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts **owed or due or asserted to be owed or due another.**"

15 U.S.C. § 1692a(6). Case law makes clear that creditors, like MBNA here, who seek to collect on their own debts (as opposed to the debts "owed or due another") are specifically excluded from the application of FDCPA. *See Scott v. Wells Fargo Home Mortgage, Inc.*, 326 F. Supp. 2d 709, 717 (E.D. Va. 2003) ("It is well-settled that provisions of the FDCPA generally apply only to debt collectors. **And, creditors are not liable under the FDCPA.**") (emphasis added) (*aff'd*, 67 Fed. Appx. 238 (4th Cir. 2003)); *Brown v. Citibank*, 2006 U.S. Dist. LEXIS 82785 *4-5 (E.D. N.C. 2006) ("[T]he FDCPA claim against defendant Citibank fails as a matter of law because it is a creditor, not a 'debt-collector' subject to the FDCPA").

A "creditor" under the FDCPA is "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). MBNA is unquestionably a creditor within the meaning of the FDCPA. It extends credit to others, including Plaintiff, creating a debt. In fact, this lawsuit arises specifically because Plaintiff alleges that credit with MBNA was not paid off pursuant to insurance policies issued by third-parties. Clearly, then, the FDCPA does not apply to MBNA in this instance, and Plaintiff cannot state any claims under the Act against MBNA. Therefore, the Court should dismiss Plaintiff's FDCPA claim with prejudice.

## IV. CONCLUSION

Based on the foregoing, MBNA respectfully requests that this Court dismiss <u>with prejudice</u> Plaintiff's entire Complaint.

                                  MBNA America Bank, N.A.

By:   <u>/s/ Allison M. Lefrak</u>
        **REED SMITH LLP**
        Allison M. Lefrak, Esq.
        D.C. Bar No. 485650
        Suite 1100 -- East Tower
        1301 K Street, N.W.
        Washington, D.C. 20005
        Phone: (202) 414-9483
        Fax:   (202) 414-9299

        Attorney for Defendant
        MBNA America Bank, N.A.
        erroneously sued as MBNA, a corporation

Dated: January 25, 2007

**CERTIFICATE OF SERVICE**

I certify that on this 25th day of January 2007, that the foregoing MBNA America Bank, N.A.'s Motion to Dismiss Complaint and Memorandum in Support was sent, via first class mail and hand delivery, to:

E. Scott Frison, Jr. Esq.
1717 K. St. NW, Suite 600
Washington, D.C. 20036


_____/s/ Allison M. Lefrak_____
Allison M. Lefrak

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| E. SCOTT FRISON, JR.,             )<br>                                               )<br>            Plaintiffs,                  )<br>                                               )   Civil Action No. 1:06CV01974 (RCL)<br>v.                                          )<br>                                               )<br>MBNA,                                 )<br>                                               )<br>            Defendant.              )<br>                                               ) | |

**ORDER GRANTING MBNA'S MOTION TO DISMISS COMPLAINT**

After considering the moving papers, all matters submitted in response and reply thereto, and oral arguments of counsel, and for the reasons stated in open court,

IT IS HEREBY ORDERED THAT:

MBNA America Bank, N.A.'s ("MBNA"), erroneously sued as MBNA, a corporation, motion to dismiss Plaintiff's Complaint is GRANTED without leave to amend on the grounds that Plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6).

Plaintiff's Complaint is thus dismissed in its entirety without leave to amend.

IT IS SO ORDERED.

DATED: _____        _____
                                                                The Honorable Royce C. Lamberth
                                                                United States District Judge

1