# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| E. Scott Frison, Jr., Esq. : | |
|     Plaintiffs : | |
| : | |
| v. : | Case No. <u>1:06cv01974</u> |
| : | |
| MBNA : | |
|     Defendants. : | |

## AMENDED COMPLAINT

NOW COMES E. Scott Frison, Jr. with an amended complaint against MBNA for Fraud, Breach of Contract, and violation of the Fair Credit Reporting Act.

## PARTIES

1.    E. Scott Frison, Jr.[1], works in the District of Columbia at 1717 K. St., NW, Suite 600, Washington, D.C. 20036.

2.    MBNA is a Delaware Corporation.

## JURISDICTION

3.    This court has general jurisdiction over the claims and the parties due to the address of the plaintiff and the fact that the defendant is authorized to do business in the District of Columbia.

## FACTS

4.    In February 1999, MBNA offered *via written representation* an insurance plan titled "GOLD PLUS" to E. Scott Frison, Jr., hereinafter "Frison".  Ex. 1.[2]

---

[1] E. Scott Frison is licensed to practice before the United States Supreme Court, United States Court of Appeals for the Fourth Circuit, United States Appeals Court for the District of Columbia, United States Appeals Court for the Armed Forces, United States District Court of District of Columbia, United States District Court for Maryland, United States Bankruptcy Court, Court of Appeals for the District of Columbia.

[2] On information and belief, MBNA offered this disability program to over one million card holders.  Exhibits were filed with the complaint and are incorporated herein by reference.

5.  The offer, Ex. 1, *extended by MBNA, reads in pertinent part "Reason for Notice . . . Valuable New Benefit Available." The last sentence of the third paragraph reads '[s]ee the GoldPlus Benefit Summary for complete details on this important MBNA account benefit."* The plan provided that if Frison became disabled the plan would pay minimum monthly payment towards Frison's MBNA credit card billings.

6.  *At Ex. 2, the enrollment process is explained at the bottom of the page where it reads "[r]eturn your GoldPlus Authorization Form . . . or call MBNA America at 1-800-643-3406 . . ."*

7.  *The note at the bottom also reads "MBNA\*  MBNA AMERICA\*, and GoldPlus\* are federally registered service marks of MBNA America Bank, N.A."*

8.  *At Ex(s). 3-6, MBNA describes the benefits of enrolling in GoldPlus and Frison enrolled in the program in July 2000.   Frison accepted the offer to enrole.*

9.  *At Ex. 7, Mr. James D. Thornton, Senior Executive Vice President,  MBNA Insurance Services, wrote Frison to welcome him into the program.  Explanation of the program and promises as to benefits were made by MBNA..*

10. *Frison complained from July 200 to December 2000 about MBNA'S failure to provide copies of the insurance policies or other proof of insurance coverage.  MBNA charged Frison's credit card account for the GoldPlus insurance.*

11. In late December 2000, Frison called MBNA to complain.  His complaint was forwarded to Ms. Susan Feeney who *returned his* call *and discussed his complaint about non-receipt of documentation.*   Ms. Feeney followed up their verbal conversation with a letter.  Ex. 14.

12. Shortly thereafter Frison received the policy from Union Security Life Insurance Company, Ex. 15 – 15A, which reads in pertinent part:

> **RULES FOR FILING A TOTAL DISABILITY CLAIM**: *You must advise us or the Creditor about your total disability as soon after its beginning as you can . . .*

See Ex. 15A.

13. Frison paid premiums through April 2001, Ex. (s) 17-19, *and filed a claim for benefits* in April 2000.

14. MBNA refused to process Frison's claim and a dispute ensued, with Frison *alleging MBNA'S refusal to honor the terms of the contract to be breach of contract.*

15. In response,. Mr. Robert Schlosberg wrote Frison on April 4, 2001 and offered to return his premiums as satisfaction of MBNA'S obligation. Ex. 20.

16. Frison rejected that *proposal* and accused MBNA and its agents of attempting to avoid their contractual duty to pay under the terms of the policy.

17. Instead of honoring the terms of the insurance and paying the charges during Frison's term of disability, MBNA charged off the debt in retaliation against Frison *harming Frison's good name and credit worthiness*. MBNA continues to report the debt as a charged off.

18. Frison wrote Mr. Schlosberg in December 2005 to explain the continuing harm MBNA caused by continuing to report the MBNA account as charged off.. Ex. 21.

19. *MBNA made false representations to Frison as to the benefits of the GoldPlus program, asserting that the program would pay his MBNA account during periods of disability or unemployment, knowing that such representations were false, or that they had not intent to honor said representations. MBNA made these representations with the intent that Frison be deceived into believing the representations so that he might enroll in the GoldPlus program.*

3

*Frison reasonably relied upon the misleading and false representation by MBNA to his detriment.*

20.     MBNA made a false and defamatory statement concerning an alleged debt owed by Frison; published the statement without privilege to major credit reporting agencies; was negligent in that MBNA had a duty to process Frison's disability claim; and the publication was actionable as a matter of law due to the harm done to Frison's credit worthiness and denials of credit directly attributable to the defamatory reporting.

### Count I - Fraud

21.     Incorporating paragraphs 1- 20 as if stated herein, Frison alleges that MBNA represented that it would provide insurance that would pay Frison's credit card payments during a period of disability *or unemployment*.

22.     MBNA made this representation with the knowledge that they were false, for the purpose of convincing Frison to enroll in the insurance program, and did so with *the intent to deceive Frison*.

23.     Frison reasonably relied upon the representations of MBNA, *given that the product was offered to him as and MBNA customer.*

24.     As a result of Frison's reliance on the false representations of MBNA, he was damaged.

WHEREFORE E. Scott Frison, Jr. has alleged a cause of action for fraud, he seeks compensatory damages of $15,000, special damages $250,000, and punitive damages of $100,000.

### Count II – Defamation

25.     Incorporating paragraphs 1- 24 as if stated herein, Frison alleges that MBNA

4

willfully and intentionally *published to major credit reporting agencies that Frison failed to pay a just debt, and that said debt had been charged off.*

26.     MBNA made these adverse representations with the intent to harm Frison's good credit name.

27.     MBNA'S conduct did harm Frison good name and credit worthiness resulting in denial of credit and increased interest rates.

WHEREFORE E. Scott Frison, Jr. has alleged a cause of action for defamation, he seeks compensatory damages of *$250,000*, punitive damages of $100,000, and the cost of bringing this action.

## Count III – Breach of Contract

28.     Incorporating paragraphs 1- 27 as if stated herein, Frison alleges that MBNA *offered to provide a disability insurance policy through MBNA Insurance Services to* provide Frison insurance to pay his credit card monthly payments in the event he became disabled.

29.     *Frison accepted the terms of the offer, paid premiums to MBNA for months.*

30.     MBNA breached the terms of the contract by refusing to *process Frison's insurance claim.*

31.     As a result of the breach by MBNA, Frison has been damaged.

WHEREFORE E. Scott Frison, Jr. has alleged a cause of action for breach of contract he seeks compensatory damages of $15,000, and the cost of bringing this action.

## Count IV – Fair Credit Reporting Act

32.     Incorporating paragraphs 1- 31, as if stated herein, Frison alleges that MBNA *a user of credit reports and an institution that reports credit information to major credit reporting agencies did publish erroneous credit information on Frison.*

33. MBNA *reported that an account was* charged off *when in fact MBNA Insurance Services was responsible for paying off the account.*

34. MBNA'S conduct was intended to *harm the good name of Frison in his credit community.*

WHEREFORE E. Scott Frison, Jr. has alleged a cause of action for violating the Fair *Credit Reporting Act,* he seeks compensatory damages $278,452[3], and $1000 statutory damages, and the cost of bringing this action.

### Count V – Fair Credit Reporting Act

35. Incorporating paragraphs 1- 34, as if stated herein, Frison alleges that MBNA engaged in false and misleading representations against Frison for his insistence that it honor the insurance policy.

36. MBNA charged off the account rather than apply the terms of the insurance policy as agreed.

37. MBNA'S representations to credit reporting agencies were false and misleading and intended to harass, oppress, and abuse Frison for insisting that MBNA *comply with* the terms of the disability contract.

WHEREFORE E. Scott Frison, Jr. has alleged a cause of action for violating the Fair Debt Collection Practices Act he seeks compensatory damages $278,452, and $1000 statutory damages, and the cost of bringing this action.

### Count VI – CLASS ACTION ALLEGATIONS

38. Incorporating paragraphs 1- 37, as if stated herein, Frison alleges that MBNA'S

---

[3] Frison was denied a $17,000 home construction loan with the lender citing the MBNA charge off as the basis for the denial.

breach of the terms of the disability insurance is applicable to a class of MBNA customers, and states:

    a.    (1) – the class is so numerous that joinder of all members is impracticable,

           (2) – there are questions of fact and law common to the class,

           (3) – the claims of the plaintiff is typical of the claims of the class,

           (4) – the representative parties will fairly and adequately protect the interests of the class.

    b.    The appropriate allegations common to the class is that MBNA failed to live up to its obligation under the disability insurance policy. The size of the class approximates 1.8 million people in the class.

    c.    The plaintiff/attorney is a practicing attorney licensed to practice before the United States Supreme Court, United States Court of Appeals for the District of Columbia, United States District Court for the District of Columbia, Court of Appeals for the District of Columbia.[4]

    d.    The questions of fact and law claimed to be common to the class are:

        (1)    Whether MBNA offered the Gold Plus Insurance Program to the class membership?

        (2)    Whether the class member enrolled in the program?

        (3)    Whether MBNA honored the terms of the disability insurance program?

        (4)    Whether MBNA cancelled the policy in lieu of honoring the terms of the policy?

        (5)    Whether MBNA offered any alternative to payment of monthly charges?

---

[4] This list is not all inclusive of courts to which the plaintiff/attorney is admitted to practice.

7

(6) Whether MBNA terminated the credit card of members insisting on exercising their rights under the disability insurance policy?

(7) Whether MBNA charged off accounts of customers insisting on utilizing the disability insurance policy?

e. The plaintiff claims that the action is maintainable as a class action under Rule 23(b)(3) and explains as follows:

(1) It is in the best interest of the class that the issues raised herein be prosecuted as a class instead of individually due to the cost and expense of doing so;

(2) The plaintiff has no knowledge that any litigation has been commenced in this or any other jurisdiction concerning the controversy;

(3) This jurisdiction is desirable for concentrating the litigation of claims and the federal forum is the appropriate jurisdiction;

(4) The plaintiff anticipates difficulties with discovery wherein the defendant may be reluctant to identify potential class members or argue that records can not be located. The cost of prosecuting the case will also present a degree of difficulty but is manageable.

WHEREFORE E. Scott Frison, Jr. has alleged a cause of action for class action certification, Frison prays for said Certification.

Respectfully Submitted,

/s/
E. Scott Frison, Jr., Esq., Bar No. 478092
1717 K Street, NW, Suite 600
Washington, D.C. 20036
240-398-9283 (phone)

**PLAINTIFFS REQUESTS JURY TRIAL**
/s/
E. Scott Frison, Jr., Esq.