## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| E. Scott Frison, Jr., Esq. | : | |
|                 Plaintiffs | : | |
| | : | |
| v. | : | Case No. <u>1:06cv01974</u> |
| | : | |
| MBNA | : | |
|                 Defendants. | : | |

**<u>OPPOSTION TO MOTION TO DISMISS</u>**

Defendant, MBNA by way of counsel, has filed a motion to dismiss asserting a plethora or reasons not supported by the facts or law.  Plaintiff, E. Scott Frison, Jr., Esq., hereinafter "Frison" herein opposes the motion.

A review of the opposition submitted by attorney Allison M. Lefrak, reveals misrepresentations of fact, attribution to documents that upon review prove to be inapposite, and generally statements clearly intended to improperly influence the workings of the court.

The defendant seeks dismissal of the complaint based upon the following:

1.       MBNA did not issue the Insurance Policy.  Def. Mem. at p.3, "B".

2.       Plaintiff did not allege fraudulent conduct by MBNA.  Def. Mem. at p5, "C".

3.       Plaintiff did not allege that MBNA made defamatory statement.  Def. Mem at p.6, "D".

4.       Plaintiff has not alleged Breach of Contract.  Def. Mem. at p.7, "E".

**<u>ARGUMENT</u>**

Dismissal per Rule 12 (b)(6) is only applicable if it appears that a plaintiff can prove no facts in support of the claim which would entitle the plaintiff to relief.  When considering a motion under this rule, the court must construe the complaint in the light most favorable to the

plaintiff, assuming for purposes of the motion that the allegations of the complaint are true. See D'ambrosio v. Colonnade Council of Unit Owners, 717 A.2d 356 (DC, 1998) citing Vincent v. Anderson, 621 A.2d 367, 372 (D.C. 1993). The defendant asserts that Frison "did not allege fraudulent conduct by MBNA. Def. Mem. at p.5, "C".

Frison alleged Fraud with Particularity

When claiming fraud, the complaint must plead with particularity, as required by Super. Ct. Civ. R. 9 (b). Fraud, which must be established by clear and convincing evidence, and in asserting fraud, Frison must allege five elements: (1) a false representation, (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action taken in reliance upon the representation. See Colonade, citing Bennett v. Kiggins, 377 A.2d 57, 59 (D.C. 1977), cert. denied, 434 U.S. 1034 (1978) (citing Super. Ct. Civ. R. 9 (b)) (other citations omitted).

A reading of paragraphs 1 through 19 provides the clear and convincing evidence that supports a claim of fraud. At paragraph 19 of the amended complaint, Frison alleged:

> MBNA made false representations to Frison as to the benefits of the GoldPlus program, asserting that the program would pay his MBNA account during periods of disability or unemployment, knowing that such representations were false, or that they had not intent to honor said representations. MBNA made these representations with the intent that Frison be deceived into believing the representations so that he might enroll in the GoldPlus program. Frison reasonably relied upon the misleading and false representation by MBNA to his detriment.

Notwithstanding the defendants representation to the contrary, the amended complaint alleges the elements of fraud. At Count I, Frison alleges:

## Count I – Fraud

21.  Incorporating paragraphs 1- 20 as if stated herein, Frison alleges that MBNA represented that it would provide insurance that would pay Frison's credit card payments during a period of disability *or unemployment*.

      22.    MBNA made this representation with the knowledge that they were false, for the purpose of convincing Frison to enroll in the insurance program, and did so with *the intent to deceive Frison*.

      23.    Frison reasonably relied upon the representations of MBNA, *given that the product was offered to him as and MBNA customer.*

      24.    As a result of Frison's reliance on the false representations of MBNA, he was damaged.

Having alleged a cause of action for fraud, the court should DENY the motion to dismiss Count I.

The defendant next represent that Frison "did not allege that MBNA made defamatory statement. Def. Mem at p.6, 'D'".

Frison alleged that MBNA made defamatory statement

To state a cause of action for defamation, Frison must allege and prove four elements: "(1) that MBNA made a false and defamatory statement concerning a debt owed by Frison; (2) that MBNA published the statement without privilege to major credit reporting agencies; (3) that MBNA was negligent in its duty to report accurate credit information on Frison; and (4) the publication was actionable as a matter of law due to the harm done to Frison's credit worthiness and denials of credit, directly attributable to the defamatory reporting. See Crowley v. North Am. Telecomms. Ass'n, 691 A.2d 1169, 1173 n. 2 (D.C.1997) (citation and internal quotation marks omitted).

A reading of paragraph 20 at the amended complaint, Frison clearly alleged defamation, where it reads:

> MBNA made a false and defamatory statement concerning an alleged debt owed by Frison; published the statement without privilege to major credit reporting agencies; was negligent in that MBNA had a duty to process Frison's disability claim; and the publication was actionable as a matter of law due to the harm done to Frison's credit worthiness and denials of credit directly attributable to the defamatory reporting.

Despite the wording of the complaint, MBNA seems to imply some heightened standard of pleading is required.  However, in this jurisdiction "heightened pleading standards do not apply in defamation actions."  Messina v. Fontana 260 F.Supp.2d 173, 177 (D.D.C. 2003) citing Croixland Props. Ltd. P'ship v. Corcoran, 174 F.3d 213, 215 n. 2 (D.C.Cir.1999) (noting that the Federal Rules of Civil Procedure do not require special pleadings and holding that the complaint satisfied the requirements of notice pleading)).

At Count II, Frison alleged the following cause of action:

### Count II – Defamation

> 25. Incorporating paragraphs 1- 24 as if stated herein, Frison alleges that MBNA willfully and intentionally *published to major credit reporting agencies that Frison failed to pay a just debt, and that said debt had been charged off.*
> 26. MBNA made these adverse representations with the intent to harm Frison's good credit name.
> 27. MBNA'S conduct did harm Frison good name and credit worthiness resulting in denial of credit and increased interest rates.

The defendant then allege that Frison "has not alleged Breach of Contract.  Def. Mem. at p.7, 'E'".

<u>Frison alleged the existence of a Contract</u>

A review of paragraphs 4-8 reveals that MBNA offered to provide a service, Frison accepted the offer for said service, and paid MBNA consideration.  The complaint reads:

> 4. In February 1999, **MBNA offered via written representation an insurance plan** titled "GOLD PLUS" to E. Scott Frison, Jr., hereinafter "Frison".  Ex. 1.[1]
> 5. The offer, Ex. 1, extended by MBNA, reads in pertinent part "Reason for Notice . . . Valuable New Benefit Available."  The last sentence of the third paragraph reads '[s]ee the GoldPlus Benefit Summary for complete details on this important MBNA account benefit."  The plan provided that if

---

[1] On information and belief, MBNA offered this disability program to over one million card holders.  Exhibits were filed with the complaint and are incorporated herein by reference.

4

Frison became disabled the plan would pay minimum monthly payment towards Frison's MBNA credit card billings.
  6. At Ex. 2, the enrollment process is explained at the bottom of the page where it reads "[r]eturn your GoldPlus Authorization Form . . . or call MBNA America at 1-800-643-3406 . . ."
  7. The note at the bottom also reads "MBNA*  MBNA AMERICA*, and GoldPlus* are federally registered service marks of MBNA America Bank, N.A."
  8. At Ex(s). 3-6, MBNA describes the benefits of enrolling in GoldPlus and Frison enrolled in the program in July 2000.  **Frison accepted the offer to enroll.**

Clearly Frison alleged the existence of a contract, and provided written proof of the same.  At Count III Frison alleged a cause of action for breach where it states:

### Count III – Breach of Contract

  28. Incorporating paragraphs 1- 27 as if stated herein, Frison alleges that MBNA *offered to provide a disability insurance policy through MBNA Insurance Services to* provide Frison insurance to pay his credit card monthly payments in the event he became disabled.
  29. *Frison accepted the terms of the offer, paid premiums to MBNA for months.*
  30. MBNA breached the terms of the contract by refusing to *process Frison's insurance claim.*
  31. As a result of the breach by MBNA, Frison has been damaged.

Finally, MBNA defends by stating that it did not issue the policy.  Def. Mem. at p.3, "B".  Frison disagrees.

### The evidence shows that MBNC issued the policy

A reading of paragraphs 1-19 and a reading of the documents referenced therein reveals that MBNA offered the program to Frison, by and through MBNA Insurance Services. MBNA did not mention subordinating the policy to any other insurer until months after Frison had enrolled and after Frison had complained about not receiving copies of the insurance policy.

Frison has properly alleged causes of action to include violation of the Fair Credit Reporting Act and asks this Honorable Court to DENY the defendants motion to dismiss.

                Respectfully Submitted,

                //s//
                E. Scott Frison, Jr., Esq.
                Bar No. 478092
                1717 K Street, NW, Suite 600
                Washington, D.C. 20036
                240-398-9283 (phone)