# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

| | |
|---|---|
| E. SCOTT FRISON, JR. ESQ., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:06CV01974 (RCL) |
| v. ) | |
| ) | |
| MBNA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# REPLY IN SUPPORT OF MBNA'S MOTION TO DISMISS
# PURSUANT TO FED. R. CIV. P. 12(B)(6)

**REED SMITH LLP**
Allison M. Lefrak, Esq.
D.C. Bar No. 485650
Suite 1100 -- East Tower
1301 K Street, N.W.
Washington, D.C. 20005
Phone: (202) 414-9483
Fax:    (202) 414-9299

Attorney for Defendant
MBNA America Bank, N.A.
erroneously sued as MBNA, a corporation

Dated: February 20, 2007

I.      **INTRODUCTION**

   As established in MBNA's moving papers, all of Plaintiff E. Scott Frison, Jr.'s claims against MBNA, whether couched as a tort, contract, or statutory claim, are based on his unsubstantiated theory that MBNA is somehow liable for purportedly refusing to process Plaintiff's claim under credit protection policies.  However, the documents attached to the Complaint show that **MBNA did not issue the credit protection policies**, was not a party to those policies, and did not have any responsibility for processing or approving claims under those policies.  The policy contracts themselves, attached to the Complaint as Exhibits 15, 15A, 16, and 16A, further clarify that they are agreements between Plaintiff and third-party insurance companies, not MBNA.  Because each of the claims brought by Plaintiff—an attorney representing himself—suffer from this same fundamental flaw, his entire action against MBNA fails as a matter of law and cannot be resuscitated under any factual scenario.

   In addition to this flawed theory—which cannot be cured as a matter of law—MBNA's Motion also establishes that each of Plaintiff's individual claims fails independently because Plaintiff has not alleged even the basic facts sufficient to support any of his purported claims.  For instance, Plaintiff's fraud claim falls grossly shortly of Federal Rule of Civil Procedures ("FRCP") Rule 9(b)'s requirement that fraud claims be alleged with sufficient "particularity."  Nowhere in the Complaint does Plaintiff aver such basic facts as what the allegedly false statements were, who made them, and when.  Plaintiff's defamation claim similarly fails to allege that MBNA made any false and defamatory statements.   Plaintiff's Federal Debt Collection Practices Act ("FDCPA") claims also fall flat because the FDCPA applies only to "debt-collectors" and not creditors like MBNA.

   Rather than addressing head-on the flaws detailed in MBNA's Motion, Plaintiff has elected to side-step the issue by basing his Opposition **exclusively** on *new* allegations that are **not** in the Complaint, and therefore not before this Court.  Indeed, Plaintiff's entire Opposition is premised solely on new allegations asserted in a proposed amended pleading which he has not properly filed or served.  The proposed amended complaint adds new factual allegations,

1

dismisses claims brought under the FDCPA, and asserts *two new claims* for alleged violation for the Fair Credit Reporting Act.

Plaintiff, however, has not properly filed or served his amended complaint. In fact, the Court has rejected Plaintiff's attempt to file his amended pleading, in part, because it violates Local Rule 15.l—requiring a motion seeking leave of Court for file an amended pleading. Plaintiff nonetheless still tries to rely on the flawed *amended* pleading to defeat MBNA's Motion. Indeed, the allegations Plaintiff cites in his Opposition to support his claims are new allegations found in his rejected amended complaint.

Because Plaintiff's Opposition is based solely on new allegations which are not in the Complaint or any properly filed pleading, the Court cannot consider them. The Court therefore must grant MBNA's Motion as a matter of law.

II.     **PLAINTIFF'S OPPOSITION IMPROPERLY RELIES EXCLUSIVELY ON NEW ALLEGATIONS NOT BEFORE THIS COURT**

Although in his Opposition Plaintiff cites the proper standard for ruling on a motion to dismiss—namely that a Court limit its review to facts alleged in the complaint and documents attached thereto—Plaintiff completely ignores this established law. *See Klayman v. Judicial Watch, Inc.*, No. 06-670 (CKK), 2007 U.S. Dist. Lexis 3197, at *18 (D.D.C. Jan. 17, 2007) (in ruling on a motion to dismiss, the Court considers facts alleged in the complaint and any documents attached to or incorporated in the complaint). In his Opposition, Plaintiff unabashedly asks this Court to deny MBNA's Motion based on *new allegations* in Plaintiff's amended complaint.

For example, at page 2 of his Opposition, Plaintiff asks this Court to consider the allegations in "paragraph 19 of the **amended complaint**" to find that he alleges a fraud claim with sufficiently particularity. (Opp. at p. 2) (emphasis added.). He also cites other paragraphs of his *amended* complaint to support this claim. Similarly, he refers this Court to new allegations in his amended complaint for the assertion that he has sufficiently pleaded his other causes of action. Indeed, with respect to each cause of action, Plaintiff attempts to defeat

MBNA's Motion by relying on allegations in his amended complaint. Even a cursory review of the original Complaint shows that the allegations Plaintiff relies on to oppose MBNA's Motion are nowhere to be found.

However, Plaintiff has not properly filed or served the amended complaint upon which he relies. On February 12, 2007, Plaintiff electronically filed his Opposition to MBNA's Motion. In conjunction with his Opposition, Plaintiff also attempted to file an Amended Complaint. The following day, February 13, 2007, the Court entered the following on its electronic docket, notifying the parties that Plaintiff's amended complaint was rejected:

> "NOTICE OF CORRECTED DOCKET ENTRIES: re 7 Amended MOTION to Amend/Correct *Complaint*, and 6 Summons Returned Executed, were entered in error. and **counsel was instructed to refile** said pleadings by selecting the right party when docketing the return of service and **by following proper procedures to file an amended complaint**. (tg, ) (Entered: 02/13/2007)." (emphasis added.)[1]

There is no evidence that Plaintiff has in fact "refiled" his amended pleading by following proper procedures for filing an amended complaint. *See* LCvR 15.1 (mandating motion for an order granting permission to file amended pleading).

Clearly, then, the allegations of amended complaint are not before this Court and cannot be considered by this Court under any circumstance to determine whether Plaintiff's operative pleading, the original Complaint, states a cause of action. Accordingly, the fact still remains as established in MBNA's moving papers that Plaintiff's original Complaint fails to state a claim and must be dismissed as a matter of law. In fact, Plaintiff does not address MBNA's Motion at all and instead has attempted to end-run MBNA's Motion by filing an amended complaint. He cannot, however, rely on the new allegations in his flawed amended pleading to defeat MBNA's

---

[1] Because Plaintiff failed to follow proper procedure to file and serve an amended complaint MBNA does not address any ***new allegations*** or ***new claims*** asserted by Plaintiff either in his Opposition or defective Amended Complaint. MBNA respectfully reserves and requests the right to file a proper response to any amended complaint, if and when properly filed by Plaintiff with the Court's permission; especially in light of the two new statutory claims asserted in the proposed defective Amended Complaint. *See American International Specialty Lines Insurance Company v. United States*, 71 Fed. Cl. 37, 39-40 (Fed. Cl. 2006) (permitting defendant to file response to amended complaint to address new and expanded claims).

Motion.

### III.    MBNA'S MOTION ESTABLISH THAT PLAINTIFF'S CLAIMS FAILS AS A MATTER OF LAW

MBNA's Motion conclusively establishes that Plaintiff's claims, regardless of the legal theory asserted, are all based on his flawed premise that MBNA can be liable for the acts of third-parties.  Indeed, Plaintiff's entire case is premised exclusively on his contention that MBNA purportedly refused to process Plaintiff's claim under credit protection policies.  However, the documents attached to the Complaint show that **MBNA did not issue the credit protection policies**, was not a party to those policies, and did not have any responsibility for processing or approving claims under those policies.  This fact—from which Plaintiff cannot escape under any proposed amendments and one he does not address anywhere in his Opposition—is firmly established in the documents attached to Plaintiff's Complaint, as detailed in MBNA's moving papers.  Because the Complaint, and the documents attached thereto, clearly establish that the policies at issue in this case, and which underlie each of Plaintiff's claims, are contracts solely between Plaintiff and the insurance companies, MBNA cannot be liable for any denial of claims submitted under those contracts.   Therefore, each of Plaintiff's claims, all of which hinge on an alleged denial of a claim under the insurance polices, fail to state a cause of action against MBNA as a matter of law, cannot be cured, and must be dismissed with prejudice.

MBNA's Motion also establishes that each of Plaintiff's individual claims also fails independently in their own right because Plaintiff failed to allege sufficient facts to support those claims.  In fact, in his proposed amended complaint which Plaintiff failed to properly file, Plaintiff has signal his intent to dismiss the FDCPA, recognizing that he simply cannot sustain those claims on the facts alleges.  His claim for fraud similarly fails because, as established in more detail in MBNA's Motion, nowhere in the Complaint does Plaintiff allege with any specificity what *false statements* MBNA purportedly made, who at MBNA made them, how, or when.  Moreover, to the extent Plaintiff attempts to allege he was defrauded because the carriers denied his claim for benefits, that is not a claim he can raise against MBNA, first, because the

policies at issue are directly between Plaintiff and the carriers, and, second, because a denial of Plaintiff's claim under the insurance plans, at best, would merely give rise to a breach of contract action against the carriers (not MBNA), and does not support a fraud claim in any event. Plaintiff completely ignores these arguments in his Opposition and instead attempts to rely on new allegations which are not before this Court. Plaintiff similarly avoids the fact that his defamation claim also fails because he never explains why he was not obligated to pay the debt purportedly reported by MBNA, or how this reporting raises to the level of actionable conduct.

In short, Plaintiff's Opposition, which relies entirely on new allegations in an proposed amended complaint not properly before this Court, does nothing to address the defects raised in MBNA's Motion. Therefore, the Court should grant MBNA's Motion <u>with prejudice</u> for the reasons stated above, and as established in it moving papers.

### IV.     CONCLUSION

Based on the foregoing, MBNA respectfully requests that its Motion to Dismiss be GRANTED with prejudice. In the event the Court grants Plaintiff leave to file his proposed Amended Complaint filed (or deems his Amended Complaint filed), MBNA respectfully request additional time to respond to the Amended Complaint.

MBNA America Bank, N.A.

By:       /s/ Allison M. Lefrak
      **REED SMITH LLP**
      Allison M. Lefrak, Esq.
      D.C. Bar No. 485650
      Suite 1100 -- East Tower
      1301 K Street, N.W.
      Washington, D.C. 20005
      Phone: (202) 414-9483
      Fax:    (202) 414-9299

      Attorney for Defendant
      MBNA America Bank, N.A.
      erroneously sued as MBNA, a corporation

Dated: February 20, 2007