# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

E. SCOTT FRISON, JR. ESQ.,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs,　　　　　)
　　　　　　　　　　　　　　　　)　　　Civil Action No. 1:06CV01974 (RCL)
v.　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　)
MBNA,　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　)
　　　　　　　　　　　　　　　　)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE WRITTEN SETTLEMENT AGREEMENT

**REED SMITH LLP**
Allison M. Lefrak, Esq.
D.C. Bar No. 485650
Suite 1100 -- East Tower
1301 K Street, N.W.
Washington, D.C. 20005
Phone: (202) 414-9483
Fax:　　(202) 414-9299

Attorney for Defendant
MBNA America Bank, N.A.
erroneously sued as MBNA, a corporation

Dated:　August 2, 2007

## I.    **INTRODUCTION**

MBNA America Bank, N.A. ("MBNA"), erroneously sued as MBNA, respectfully moves the Court to enforce the terms of a <u>written, fully executed settlement agreement</u> ("Settlement Agreement") voluntarily entered into by the parties and to issue an Order dismissing this action with prejudice pursuant to the terms of the Settlement Agreement.[1]

After months of negotiations and numerous revisions to the Settlement Agreement, the parties ultimately agreed to and signed a written Settlement Agreement on June 12, 2007, a true and correct copy of which is attached as Exhibit B to the Declaration of Amir Shlesinger ("Shlesinger Decl."). Pursuant to the terms of the Settlement Agreement, MBNA agreed to close Plaintiff E. Scott Frison, Jr., Esq.'s ("Plaintiff") credit card account, to forgive any outstanding balance owing on the account, and to request that the account be deleted from the credit bureaus to which it reports account histories. For his part, Plaintiff was required to dismiss the action with prejudice.

Although MBNA has fully performed all of its obligations under the Settlement Agreement as evidenced by the Declaration of Scott W. Miller, accompanying this Motion, Plaintiff has refused, and continues to refuse, to comply with the Settlement Agreement and dismiss this action.

It is axiomatic that parties have an expectation of certainty and finality when they enter into a written settlement agreement, especially when the precise language of the agreement was carefully negotiated between the parties as the language of the Settlement Agreement here. Plaintiff has denied MBNA that certainty and finality. As such, MBNA respectfully requests that this Court grant its Motion to Enforce the Written Settlement Agreement and issue an Order

---

[1] MBNA brings this Motion now because despite repeated requests Plaintiff has refused to honor the terms of the Settlement Agreement. On July 25, 2007 Plaintiff filed a Pracipe requesting that this action be placed on the Court's active calendar.

DOCSLA-15599872.1

dismissing this action with prejudice.

## II.    **FACTUAL BACKGROUND**

### A.    **Nature of Action**

This action stems from Plaintiff's—an attorney pursuing claims in *pro per*—allegations that MBNA breached certain credit protection insurance policies that ensure that a credit card member's outstanding credit balance will be paid, up to certain limits, in the event the member is unable to make payments due to disability or prolonged unemployment. Plaintiff alleges he enrolled in these policies and made a claim against these policies, but that MBNA failed to extinguish his balance of approximately $15,000.00. Plaintiff now seeks to recover in excess of $500,000.00 dollars against MBNA in compensatory, special and punitive damages on behalf of himself and those similarly situated.

The allegations in the Complaint, and the exhibits attached thereto, unequivocally establish that **MBNA did not issue the policies**, and was in no way responsible for approving claims made against the policies or otherwise making any payments under the policies. In fact, nowhere in the Complaint does Plaintiff actually allege that MBNA issued the policies. Plaintiff cannot allege that MBNA issued the policies because MBNA is merely the credit card issuer and, as evidenced by the documents attached to the Complaint, the insurance policies of which Plaintiff complains were issued by independent, third-party entities—Union Security Life Insurance Company ("Union") and American Security Insurance Company ("American"). *MBNA has nothing do with these companies or policies at issue.* Because all of Plaintiff's claims on behalf of himself and those similarly situated are premised on the alleged breach of these policies, Plaintiff's Complaint is without merit

### B.    **Procedural Posture**

Plaintiff filed his action on or about November 17, 2006, with service not effected until January 2007. Since inception of the action, Plaintiff offered to settle the action for a write-off

DOCSLA-15599872.1

of the credit card balance and deletion of his account from the credit reporting agencies. *See* Exhibit 2 attached to Plaintiff's Affidavit of Consent to Extension of Time (Court Document Docket #6).

Although the parties were engaged in preliminary settlement discussions, Plaintiff refused to provide MBNA with further extensions to provide a responsive pleading, and accordingly, on January 29, 2007, MBNA filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6).

On February 12, 2007, Plaintiff filed an Opposition to the Motion to Dismiss which was based exclusively on *new* allegations asserted in a *proposed* amended complaint which was improperly filed in violation of FRCP 15(a) (requiring leave of court to file amended pleading after responsive pleading filed) and LCvR 15.1. Because Plaintiff did not properly seek leave to file the amended complaint, "counsel was instructed [by the Court] to refile said pleadings by selecting the right party when docketing the return of service and *by following proper procedures to file an amended complaint.*" *See* Docket Entry dated February 13, 2007 (emphasis added).

MBNA filed its reply in support of its Motion to Dismiss on February 20, 2007.

Before the Court ruled on MBNA's Motion to Dismiss, Plaintiff again filed his amended complaint on March 20, 2007, again without seeking leave of court and again disregarding FRCP 15(a) and LCvR 15.1.[2]

### C.    Settlement Discussions and Settlement Agreement

As indicated, since inception of this action, the parties began discussing generally parameters for settlement, with Plaintiff offering to dismiss his claim with prejudice in exchange for MBNA forgiving his outstanding credit card debit and deleting his account from the credit reporting bureaus. *See* Exhibit 2 attached to Plaintiff's Affidavit of Consent to Extension of Time (Court Document Docket #6).

---

[2] In the event the Court denies the instant motion, MBNA respectfully request that it rule on MBNA's Motion to Dismiss the original complaint, since no proper amended pleading was filed despite the Court's instruction to Plaintiff to comply with the FRCP and Local Court Rules.

DOCSLA-15599872.1

On March 20, 2007, the parties agreed in principle to the settlement of the action based on Plaintiff's initial terms and began the process of reducing the agreement to writing. *See* Shlesinger Decl. at ¶ 2. Accordingly, on March 20, 2007, Plaintiff filed a Notice of Pending Settlement with the Court.

Between March and June, 2007 the parties engaged in numerous detailed discussions regarding the settlement terms both by telephone and email correspondence. *See* Shlesinger Decl. at ¶ 3. The parties also exchanged several drafts of the written agreement, with both parties providing input and comments to the written agreement. *See* Shlesinger Decl. at ¶ 3.

Ultimately, on or about June 12, 2007, the parties executed a written Settlement Agreement, a copy of which is attached as Exhibit B to the Declaration of Amir Shlesinger. *See* Shlesinger Decl. at ¶ 4-5 and Exhibit B. The Settlement Agreement clearly defined the parties' respective obligations. In pertinent part, the Settlement Agreement provided:

**2.1    Obligations of MBNA.**
Upon receipt of an executed copy of this Agreement signed by Plaintiff, MBNA shall close the Account (if not already closed) and forgive the outstanding balances on the Account. MBNA shall take all necessary and reasonable steps to request that the three credit bureaus to which it reports (Trans Union, Experian and Equifax) delete the Account from Plaintiff's credit history. MBNA shall make this request to the credit bureaus within 10 days of receipt of an executed copy of this Agreement signed by Plaintiff. MBNA shall use an industry standard Universal Data Form ("UDF"), a blank copy of which is attached to this Agreement as Exhibit 1, to request deletion of the Account from Plaintiff's credit history, and shall provide Plaintiff with a copy of the completed UDF provided to the credit bureaus.

**2.2    Obligations of Plaintiff.**
Upon receipt of an executed copy of this Agreement signed by MBNA, Plaintiff shall file a Request for Dismissal of the Action with Prejudice and take any additional measures necessary to dismiss the Action with prejudice. Plaintiff shall provide MBNA with a conformed copy of the Dismissal when filed. Plaintiff further agrees not to re-file the Complaint or Action against MBNA, or to appeal any ruling made by the Court in this Action.

MBNA's counsel provided Plaintiff with a fully executed copy of the written Settlement Agreement on June 13, 2007 and again on July 11, 2007. *See* Shlesinger Decl at ¶¶ 6, 9.

DOCSLA-15599872.1

**D.    <u>MBNA Has Fully Performed Under the Settlement Agreement</u>**

In accordance with the written Settlement Agreement, MBNA discharged its obligation by closing Plaintiff's account, forgiving Plaintiff's outstanding debit, and requesting that the credit bureaus to which it reports delete Plaintiff's account. *See* Declaration of Scott M. Miller ("Miller Decl.") at ¶¶ 3-6. In fact, MBNA submitted two requests to the credit bureaus to delete the account, and provided Plaintiff with copies of both requests. *See* Shlesinger Decl. at ¶¶ 7, 9 and Exhibits D and F; *see* Miller Decl. at ¶¶ 4, 5 and Exhibits A and B.

**E.    <u>Plaintiff Refuses to Perform Under the Settlement Agreement And Dismiss This Action</u>**

Despite voluntarily agreeing to the terms of the Settlement Agreement, and despite accepting the benefits of the Settlement Agreement, Plaintiff now refuses to discharge his obligation under the Settlement Agreement and dismiss this action with prejudice. *See* Shlesinger Decl. ¶ 8. The Settlement Agreement requires Plaintiff to file a request for dismissal "Upon receipt of an executed copy of this Agreement signed by MBNA." And, although Plaintiff received an executed copy of the Settlement Agreement on June 13, 2007, to date, he has refused to file a dismissal of this action.

Plaintiff's sole reason for not dismissing the action is his contention that MBNA did not "sign" the Universal Data Form ("UDF") submitted to the credit bureaus to delete his account. As repeatedly explained to Plaintiff, this contention is irrelevant and in no way excuses Plaintiff's performance under the Settlement Agreement for at least two reasons:

First, the Settlement Agreement does NOT require MBNA to "sign" the UDF form. The Settlement Agreement provides only that "<u>MBNA shall take all necessary and reasonable steps to request that the three credit bureaus to which it reports (Trans Union, Experian and Equifax) delete the Account from Plaintiff's credit history</u>." *See* Shlesinger Decl. at ¶ 5 and Exhibit B. MBNA has taken the necessary steps to comply this provision of the Settlement Agreement. *See* Miller Decl. at ¶¶ 4-5. There is no requirement that UDFs be signed to be effective. *See* Miller

DOCSLA-15599872.1

Decl. at ¶ 6.  MBNA is intimately familiar with UDFs and processes them routinely.  At no time is MBNA required to sign such forms in the ordinary course of business to delete credit card accounts.

Second, whether or not the UDF submitted by MBNA has resulted in the deletion of Plaintiff's account, Plaintiff is still required to dismiss the action.  <u>Plaintiff's obligation to dismiss that action is NOT conditioned on the deletion of the account</u>.  In fact, the Settlement Agreement specifically provides procedures to address a situation where, despite MBNA's proper efforts, Plaintiff's account is not deleted.    Specifically, the Settlement Agreement provides:

**5.    Credit Reporting.**
The Account is or will be closed, and Plaintiff agrees to not seek to reopen the Account.  MBNA shall take all necessary and reasonable steps to request that the three credit bureaus to which it reports (Trans Union, Experian and Equifax) delete the Account from Plaintiff's credit history. *Plaintiff understands that MBNA is not a credit bureau, and it may take 60 to 90 days for the bureaus to update his credit history.  If, at any time following 90 days after the execution of this Agreement by all parties, Plaintiff determines that one or more of the credit bureaus have not complied with MBNA's request, Plaintiff agrees to provide prompt written notice to MBNA's counsel, at the address provided in Paragraph 10 and provide full copies of any credit bureau reports for which Plaintiff contends the Account was not deleted.*  In that event, MBNA shall, within fifteen (15) business days following receipt of such notice and reports, re-contact the credit bureaus at issue that have not updated Plaintiff's credit report and again request that the Account be deleted from his report.  However, Plaintiff understands that MBNA has no control over the credit bureaus and will not hold MBNA liable for the credit bureaus' actions or inactions beyond those responsibilities agreed to in this Agreement.

Here, Plaintiff has not allowed the 90 days to expire and has not provided MBNA with any copies of credit bureau reports which establish that Plaintiff's account was not deleted.[3] Moreover, these procedures DO NOT relieve Plaintiff from his obligation under the Settlement Agreement, and he was required to file a dismissal of the action on June 13, 2007 at the latest.

---

[3] MBNA's counsel has repeatedly asked Plaintiff for any evidence that his account was not deleted, and Plaintiff failed to provide any such evidence.  *See* Shlesinger Decl. at ¶ 10.

DOCSLA-15599872.1

## III.  **LEGAL ARGUMENT**

### A.  **The Court Is Empowered To Summarily Enforce The Written Settlement Agreement.**

"It is well established that federal district courts have the authority to enforce settlement agreements entered into by litigants in cases pending before them." *See Samara v. Shaheen Business and Investment Group*, 355 F. Supp. 2d 483 (D. D.C. 2005) (RCL) (ordering performance of settlement agreement); *see also Hall v. The George Washington University,* 2005 WL 137871 * 3-4 (D. D.C. 2005) (Judge Lamberth ordering, in part "that, in accordance with the terms of the settlement agreement enforced herein, this case is hereby DISMISSED WITH PREJUDICE as settled."); *American Security Vanlines, Inc. v. Gallagher*, 782 F.2d 1056, 1060 (D.C. Cir. 1986) ("[A] settlement is as binding, conclusive and final as if it had been entered in a judgment."); *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1949) ("It is now well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it.").

Few public policies are as well established as the principle that courts should favor parties' voluntary settlement of litigation. *American Security Vanlines*, 782 F.2d at 1060 (citing *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910); *Autera*, 419 F.2d at 1199. In light of this strong public policy favoring settlement agreements, the Court of Appeals for the District of Columbia has affirmed that settlement agreements are to be "upheld whenever possible." *American Security Vanlines*, 782 F.2d at 1060.

To enforce a settlement agreement, the moving party needs to establish, by clear and convincing evidence, that the parties in fact formed a binding agreement in resolution of all the disputed issues in the underlying litigation. *See Samara*, 355 F. Supp. 2d at 493-94.  In cases

DOCSLA-15599872.1

where there is no dispute that the parties have entered into a binding settlement agreement, "a district court can enforce a settlement agreement summarily." *Id.*; *see also Autera*, 419 F.2d at 1200 ("We commend the summary practice for use in connection with problems capable of precise resolution without attendant hazard to the interests of the parties.").

**B.    The Settlement Agreement at Issue In This Action Can and Should Be Summarily Enforced.**

As established above, Plaintiff, an attorney, and MBNA voluntarily entered into a written Settlement Agreement which resolved "all the disputed issues in the underlying litigation." *See Samara*, 355 F. Supp. 2d at 493-94. Plaintiff has not and cannot deny voluntarily entering into the Settlement Agreement. In fact, the Settlement Agreement's language was the end-result of extensive negotiations between the parties, over the span of several months, from March through June in 2007. *See* Shlesinger Decl. at ¶¶ 3-4. Therefore, Plaintiff's attempt to avoid the terms of a settlement which he helped draft, and to which he voluntarily and knowingly agreed, fails as a matter of law. Accordingly, this Court should grant Plaintiff's Motion to Enforce the Settlement Agreement.

-8-

IV.    **CONCLUSION**

For the foregoing reasons, MBNA respectfully requests that the Court grant its Motion to

Enforce the Written Settlement Agreement and issue an Order dismissing this action with

prejudice.

MBNA America Bank, N.A.


By:     /S/   Allison M.  LeFrak
**REED SMITH LLP**
Allison M. Lefrak, Esq.
D.C. Bar No. 485650
Suite 1100 -- East Tower
1301 K Street, N.W.
Washington, D.C. 20005
Phone: (202) 414-9483
Fax:    (202) 414-9299

Attorney for Defendant
MBNA America Bank, N.A.
erroneously sued as MBNA, a corporation

Dated:  August 2, 2007

DOCSLA-15599872.1

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

E. SCOTT FRISON, JR. ESQ.,     )
                            )
          Plaintiffs,    )
                            )     Civil Action No. 1:06CV01974 (RCL)
v.                       )
                            )
MBNA,                    )
                            )
          Defendant.    )
                            )

## <u>DECLARATION OF AMIR SHLESINGER IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE WRITTEN SETTLEMENT AGREEMENT</u>

**REED SMITH LLP**
Allison M. Lefrak, Esq.
D.C. Bar No. 485650
Suite 1100 -- East Tower
1301 K Street, N.W.
Washington, D.C. 20005
Phone: (202) 414-9483
Fax:   (202) 414-9299

Attorney for Defendant
MBNA America Bank, N.A.
erroneously sued as MBNA, a corporation

Dated:  August 2, 2007

**I, Amir Shlesinger, declare:**

1.      I am an attorney at law and am an associate with the law firm of REED SMITH
LLP, counsel of record for defendant MBNA America Bank, N.A. ("MBNA"), erroneously sued
as MBNA in the above-captioned action.  I have personal knowledge of the matters set forth
herein.  If called as a witness, I could and would competently testify to the matters set forth
herein.

2.      On or about March 20, 2007, I spoke by telephone with the plaintiff in this
action, E. Scott Frison, Jr., Esq., an attorney representing himself.  I informed Mr. Frison that
MBNA would agree to settle the matter pursuant to his prior offer whereby MBNA would close
his account, write-off his debit, and delete his account from the credit bureaus to which it reports
account histories.  Mr. Frison agreed to these general terms and asked that I prepare a draft
settlement agreement to memorialize the parties' understanding.   Accordingly, on March 20,
2007, Mr. Frison filed a Notice of Pending Settlement with the Court.

3.      Between the period March 20, 2007 through June 12, 2007, I communicated with
Mr. Frison repeatedly by e-mail and telephone to discuss, negotiate and finalize the written
settlement agreement.  During this time period I had dozens of communications with Mr. Frison.
Mr. Frison provided substantive input to the agreement, including various drafts with his
comments and suggestions.

4.      Finally, after lengthy discussions and almost three months of negotiations, the
parties agreed on the specific language of the settlement agreement.  And, on June 12, 2007, Mr.
Frison faxed to my attention his executed copy of the Settlement Agreement.  A true and correct
copy of Mr. Frison's fax is attached hereto as Exhibit A.  MBNA countersigned the Settlement
Agreement on June 12, 2007.

DOCSLA-15599917.1

5.    A true and correct copy of the fully executed written Settlement Agreement is attached hereto as Exhibit B.

6.    I provided Mr. Frison with a copy of the fully executed copy of the Settlement Agreement on June 13, 2007 via e-mail. A true and correct copy of my e-mail is attached hereto as Exhibit C.

7.    On June 19, 2007, I e-mailed Mr. Frison a copy of the Universal Data Form ("UDF") which MBNA submitted to the credit bureaus to request that Mr. Frison's account be deleted. In my cover e-mail I requested that Mr. Frison file the request for dismissal of the action as required under the Settlement Agreement. A true and correct copy of my June 19, 2007 e-mail is attached hereto as Exhibit D.

8.    Mr. Frison refused to dismiss the action contending that the UDF was purportedly improperly prepared, not signed and therefore somehow ineffective. Since June 19, 2007 through the present, I have repeatedly asked Mr. Frison by telephone and via e-mail correspondence to perform under the Settlement Agreement and dismiss the action. He has refused, and continues to refuse to do so.

9.    On July 11, 2007, I provided Mr. Frison with yet a second copy of the Settlement Agreement at his request. A true and correct copy of my July 11, 2007 e-mail is attached hereto as Exhibit E. On that same day, I also provided Mr. Frison with a copy of a second UDF that was prepared by MBNA and submitted to the credit bureaus. A true and correct copy of my July 11, 2007 e-mail to Mr. Frison is attached hereto as Exhibit F.

10.    Over the past month and a half, I have repeatedly asked Mr. Frison to provide me with any evidence suggesting that his account has not been reported deleted to the credit bureaus. I explained that MBNA would take any reasonable steps under the Settlement

-2-

Agreement to again request that the account be deleted, if it was not.  However, Mr. Frison failed to provide me with any such evidence, and instead, simply refused, and continues to refuse to honor the terms of the signed, written Settlement Agreement.

I declare under penalty of perjury that the foregoing is true and correct.   Executed on August 2, 2007 in Los Angles, California.

AMIR SHLESINGER

-3-

# EXHIBIT A

# COVER PAGE

## THE LAW OFFICE OF E. SCOTT FRISON, JR.
### Attorney at Law

*United States Supreme Court*
*U.S. Court of Appeals for District of Columbia*
*U.S. Court of Appeals Fourth Circuit*
*U.S. Court of Appeals for the Armed Forces*

*U.S. District Court for District of Columbia*
*U.S. District Court for Maryland*
*Court of Appeals for District of Columbia*

### June 12, 2007

Amir Shlesinger
Reed, Smith LLP
355 South Grand Ave.
Ste. 2900
Los Angeles, CA 90071
213-457-8000
213-457-8080 (fax)

Re:   Settlement Agreement  (MBNC Acct. #: 4800 1215 9418 5488)

Please find __7__ page(s) follow.

**1629 K St., NW, Suite 300, Washington, D.C. 20036**
**301-805-6591 (facsimile) 240-398-9283 (phone)**
**frisonlaw@aol.com**

# THE LAW OFFICE OF E. SCOTT FRISON, JR.
## Attorney at Law

*United States Supreme Court*
*U.S. Court of Appeals for District of Columbia*
*U.S. Court of Appeals Fourth Circuit*
*U.S. Court of Appeals for the Armed Forces*

*U.S. District Court for District of Columbia*
*U.S. District Court for Maryland*
*Court of Appeals for District of Columbia*

June 12, 2007

Amir Shlesinger
Reed, Smith LLP
355 South Grand Ave.
Ste. 2900
Los Angeles, CA 90071
213-457-8000
213-457-8080 (fax)

Re:    Settlement Agreement  (MBNC Acct. #: 4800 1215 9418 5488)

Dear Amir,

Please find attached an executed agreement.  Thanks for your assistance.

Yours Truly,

E. Scott Frison, Jr.

1629 K St., NW, Suite 300, Washington, D.C. 20036
301-805-6591 (facsimile) 240-398-9283 (phone)
frisonlaw@aol.com

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between E. SCOTT FRISON, JR. ESQ. ("Plaintiff") and MBNA AMERICA BANK, N.A., now known as FIA Card Services, N.A. ("MBNA") with reference to the following facts:

## RECITALS

A.    There is presently pending in the United Stated District Court for the District of Columbia (the "Court") a civil action entitled "E. Scott Frison, Jr. Esq. v. MBNA," bearing Case No. 1:06cv01974 (the "Action").

B.    On or about November 17, 2006, Plaintiff commenced the Action in the Court by filing a complaint against MBNA (erroneously sued as MBNA instead of MBNA America Bank, N.A.) relating to Plaintiffs MBNA account, assigned account number 4800-1215-9418-5488 (the "Account") ("Complaint"). Plaintiff contends that he purchased credit protection policies which operate to pay the balance on the Account in the event of a disability, that he made a disability claim under the policies, and the MBNA did not process the claim (the "Dispute").

C.    MBNA denies each of the allegations of wrongdoing asserted by Plaintiff in the Action.

D.    The parties have agreed to settle their claims against each other arising out of or related to the Account, Dispute, Complaint, and/or the Action, including the filing thereof, or otherwise, on the terms and conditions set forth below.

WHEREFORE, in consideration of the promises, covenants, representations and warranties contained herein, and for good and valuable consideration given hereunder, the sufficiency of which is hereby acknowledged by the signatories to this Agreement, the parties hereby agree as follows:

1.    **Effective Date.**

This Agreement shall become effective on the date signed by all parties to the Agreement.

2.    **Consideration.**

2.1    Obligations of MBNA.

Upon receipt of an executed copy of this Agreement signed by Plaintiff, MBNA shall close the Account (if not already closed) and forgive the outstanding balances on the Account. MBNA shall take all necessary and reasonable steps to request that the three credit bureaus to which it reports (Trans Union, Experian and Equifax) delete the Account from Plaintiff's credit history. MBNA shall make this request to the credit bureaus within 10 days of receipt of an executed copy of this Agreement signed by Plaintiff. MBNA shall use an industry standard Universal Data Form ("UDF"), a blank copy of which is attached to this Agreement as Exhibit 1, to request deletion of the Account from Plaintiff's credit history, and shall provide Plaintiff with a copy of the completed UDF provided to the credit bureaus.

### 2.2    Obligations of Plaintiff.

Upon receipt of an executed copy of this Agreement signed by MBNA, Plaintiff shall file a Request for Dismissal of the Action with Prejudice and take any additional measures necessary to dismiss the Action with prejudice. Plaintiff shall provide MBNA with a conformed copy of the Dismissal when filed. Plaintiff further agrees not to re-file the Complaint or Action against MBNA, or to appeal any ruling made by the Court in this Action.

### 2.3    Tax Liability.

MBNA may issue an I.R.S. Form 1099 to Plaintiff. MBNA makes no representations and warranties as to the tax implications of this Agreement, and Plaintiff agrees to hold MBNA harmless and to release MBNA from any tax liability issues.

### 3.    Release.

Except for the rights, duties and obligations set forth in this Agreement, Plaintiff for himself and his agents, servants, employees, representatives, assigns, predecessors-in-interest, heirs, executors, trustees, joint venturers, partners, and attorneys, and each of them, hereby absolutely, fully and forever releases, relieves, waives, relinquishes and discharges MBNA, its current, former and future parents, affiliates, subsidiaries, collection agencies, vendors, and each of their respective officers, directors, shareholders, members, agents, servants, employees, representatives, predecessors, successors, assigns, and attorneys (the "Released Parties") of and from any and all causes of action, suits and liabilities, now existing or will exist at law or in equity, whether known or unknown, relating to the Account and the subject matter of the Dispute, the Complaint, and/or the Action. Plaintiff further agrees that he will not file any appeals, claims, complaints, affidavits, arbitrations or other proceedings ("Proceedings") with any court, arbitration forum or with any regulatory or administrative agency with respect to the matters released in this Agreement against any of the Released Parties, and any such Proceedings filed prior to the execution of this Agreement shall be promptly dismissed or withdrawn.

### 4.    Waiver of Rights Under California Civil Code Section 1542.

Plaintiff hereby acknowledges that he may hereafter discover facts different from, or in addition to, those which he now claims or believes to be true with respect to the claims released herein, and agrees that this Agreement shall be and remain effective in all respects notwithstanding the discovery of such different or additional facts. In furtherance of the release set forth in Paragraph 3 above, Plaintiff hereby acknowledges that he is knowingly and voluntarily waiving his rights under Section 1542 of the California Civil Code to the full extent that he may lawfully waive all such rights and benefits pertaining to the subject matter hereof, and that the consequence of such waiver has been explained to him by his counsel and/or advisors. Plaintiff acknowledges that he is familiar with the provisions of Section 1542 which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Notwithstanding the provisions of Section 1542, and for the purposes of implementing a full and complete release in accordance with the terms set forth in Paragraph 3 above, Plaintiff expressly acknowledges that this Release is intended to include in its scope all claims against the Released Parties which Plaintiff does not know or suspect to exist in his favor at the time of execution of this Agreement, and that this release contemplates the extinguishment of any such claim or claims. Plaintiff expressly waives any right to assert hereafter that any claims were excluded from this Agreement through ignorance, oversight, error or otherwise.

### 5.   Credit Reporting.

The Account is or will be closed, and Plaintiff agrees to not seek to reopen the Account. MBNA shall take all necessary and reasonable steps to request that the three credit bureaus to which it reports (Trans Union, Experian and Equifax) delete the Account from Plaintiff's credit history. Plaintiff understands that MBNA is not a credit bureau, and it may take 60 to 90 days for the bureaus to update his credit history. If, at any time following 90 days after the execution of this Agreement by all parties, Plaintiff determines that one or more of the credit bureaus have not complied with MBNA's request, Plaintiff agrees to provide prompt written notice to MBNA's counsel, at the address provided in Paragraph 10 and provide full copies of any credit bureau reports for which Plaintiff contends the Account was not deleted. In that event, MBNA shall, within fifteen (15) business days following receipt of such notice and reports, re-contact the credit bureaus at issue that have not updated Plaintiff's credit report and again request that the Account be deleted from his report. However, Plaintiff understands that MBNA has no control over the credit bureaus and will not hold MBNA liable for the credit bureaus' actions or inactions beyond those responsibilities agreed to in this Agreement.

### 6.   Representations and Indemnity.

Plaintiff represents and warrants to MBNA that he has not heretofore assigned, hypothecated, or otherwise transferred, or attempted to assign, hypothecate or transfer, any claim or claims against MBNA and that there is no other person or legal entity that has not executed this Agreement as a releasing party that has any interest in any such claim or claims against MBNA. Plaintiff hereby agrees to indemnify and hold harmless MBNA from any and all liabilities, claims, demands, obligations, damages, costs, expenses and attorneys' fees arising from or related to any claim which, if true, would constitute a breach of this representation and warranty including, but not limited to, all claims resulting from anyone asserting such interest, assignment, hypothecation or transfer.

### 7.   Authority.

Each party represents and warrants to the other party that the person executing this Agreement on his or her or its behalf has full authority and capacity to execute this Agreement and to give the releases and other promises contained herein.

### 8.   No Admission of Liability.

This Agreement affects the settlement of claims which are denied and contested, and nothing contained herein shall be construed as an admission by MBNA of any liability of any kind. MBNA denies any liability in connection with any such claims and intends merely to avoid litigating the Action.

### 9.    Confidentiality.

Plaintiff acknowledges that the confidentiality of this Agreement is of the utmost importance to MBNA and without the unequivocal commitment of Plaintiff to keep this Agreement confidential, MBNA would not have entered into this Agreement. Plaintiff therefore hereby unequivocally covenant he will not review, discuss or disclose, either orally or in writing, the terms of this Agreement or this Action with any other persons or entities except (i) to his tax advisors, and (ii) as required by a duly served subpoena or court order. If Plaintiff is served with such a subpoena or court order, he shall immediately notify and provide MBNA with a copy of same before disclosing any terms of this Agreement and provide MBNA with an opportunity to contest such subpoena or court order.

### 10.    Notices.

Any notice or communication required under this Agreement will be effective when received and sufficient if given in writing, and shall be addressed as follows:

For Plaintiff:        E. Scott Frison, Jr. Esq.
                      1629 K. Street, NW, Suite 300
                      Washington D.C., 20036

For MBNA:             Abraham J. Colman, Esq.
                      Amir Shlesinger, Esq.
                      Reed Smith, LLP
                      355 S. Grand Ave., Suite 2900
                      Los Angeles, CA 90071

### 11.    General Provisions.

#### 11.1    Attorneys' Fees and Costs.

Each of the parties hereto shall bear his or its own costs and expenses incurred in connection with the disputes between the parties which are the subject of, or related to, this Agreement including, without limitation, the negotiation, drafting and consummation of this Agreement.

#### 11.2    Further Cooperation.

Each party hereto agrees to execute all such further and additional documents and instruments, as shall be necessary or expedient to carry out the provisions of this Agreement, and shall promptly and in good faith undertake all reasonable acts to effectuate the provisions of this Agreement.

#### 11.3    Entire Agreement.

This Agreement contains the entire agreement and understanding between the parties concerning the subject matter hereof, and any and all prior oral or written agreements or understandings between the parties related hereto are superseded. No representations, oral or otherwise, express or implied, other than those specifically referred to in this Agreement, have been made by any party hereto.



11.4    Choice of Law and Jurisdiction.

This Agreement is being executed in the state California and the District of Columbia, and it shall be deemed to be made under, and shall be interpreted in accordance with, the internal laws of the State of California.

11.5    Legal Advice.

Each party has had the opportunity to consult with independent legal counsel with respect to the advisability of making the settlement provided for herein and of executing this Agreement and all other matters contained herein.

11.6    Investigation.

The parties hereby acknowledge that they have read this Agreement and have had or could have it fully explained to them by counsel of their choice, and that they are fully aware of the contents of this Agreement and of the legal effect of each and every provision thereof. Each party to this Agreement has made such investigation of the facts pertaining to this Agreement and of all of the matters pertaining thereto as it deems necessary.

11.7    Waiver, Modification and Amendment.

No provision of this Agreement may be waived unless in writing signed by all parties hereto. Waiver of any one provision shall not be deemed to be a waiver of any other provision hereof. This Agreement may not be altered, amended or otherwise changed or modified, except in writing signed by both of the parties.

11.8    Severability.

If any part of this Agreement is void or otherwise invalid and hence, unenforceable, such invalid or void portion shall be deemed to be separate and severable from the balance of this Agreement, and shall be given full force and effect as though the void or invalid provision had never been a part of this Agreement.

11.9    Construction.

In construing this Agreement, none of the parties hereto shall have any term or provision, or any uncertainty or ambiguity as to any term or provision herein, construed against such party solely by reason of such party having drafted the same, as a result of the manner of the preparation of this Agreement, or otherwise. Each term and provision of this Agreement shall be construed and interpreted so as to render it enforceable. In the event any provision of this Agreement is held to be illegal or unenforceable, the remainder of this Agreement shall be binding and enforceable.

11.10    Execution in Counterparts.

This Agreement may be executed in counterparts and all of said counterparts shall collectively constitute one agreement binding on all parties.



**11.11  Faxed Signatures.**

Telecopied signatures shall be deemed originals, but each party transmitting its signature by telecopy shall thereafter deliver an original signature page to be appended to this Agreement.

**11.12  Headings or Pronouns.**

Headings or captions contained in this Agreement are solely for the convenience of the parties, are not a part of this Agreement, and shall not be used for the interpretation of, or determination of the validity of, this Agreement or any provision hereof. Whenever the context may so require, the masculine gender shall be deemed to refer to and include the feminine and neuter, and the singular shall be deemed to refer to and include the plural, and vice versa.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the dates set forth below.

DATED: June 12, 2007

_____
E. SCOTT FRISON, JR. ESQ.

DATED: June ___, 2007

By _____

FOR:  MBNA AMERICA BANK, N.A., now known as FIA Card Services, N.A.  ("MBNA")

6 of 6



# EXHIBIT B

JUN 12 2007 15:58 FR BANK OF AMERICA     602 597 3959 TO 913124533440     P.01/06
Mar 07 01 09:08p     E. SCOTT FRISON JR

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between E. SCOTT FRISON, JR. ESQ. ("Plaintiff") and MBNA AMERICA BANK, N.A., now known as FIA Card Services, N.A.  ("MBNA") with reference to the following facts:

### RECITALS

A.    There is presently pending in the United States District Court for the District of Columbia (the "Court") a civil action entitled "E. Scott Frison, Jr. Esq. v. MBNA," bearing Case No. 1:06cv01974 (the "Action").

B.    On or about November 17, 2006, Plaintiff commenced the Action in the Court by filing a complaint against MBNA (erroneously sued as MBNA instead of MBNA America Bank, N.A.) relating to Plaintiffs MBNA account, assigned account number 4800-1215-9418-5488 (the "Account") ("Complaint").  Plaintiff contends that he purchased credit protection policies which operate to pay the balance on the Account in the event of a disability, that he made a disability claim under the policies, and the MBNA did not process the claim (the "Dispute"):

C.    MBNA denies each of the allegations of wrongdoing asserted by Plaintiff in the Action.

D.    The parties have agreed to settle their claims against each other arising out of or related to the Account, Dispute, Complaint, and/or the Action, including the filing thereof, or otherwise, on the terms and conditions set forth below.

WHEREFORE, in consideration of the promises, covenants, representations and warranties contained herein, and for good and valuable consideration given hereunder, the sufficiency of which is hereby acknowledged by the signatories to this Agreement, the parties hereby agree as follows:

1.    **Effective Date.**

This Agreement shall become effective on the date signed by all parties to the Agreement.

2.    **Consideration.**

2.1    **Obligations of MBNA.**

Upon receipt of an executed copy of this Agreement signed by Plaintiff, MBNA shall close the Account (if not already closed) and forgive the outstanding balances on the Account.  MBNA shall take all necessary and reasonable steps to request that the three credit bureaus to which it reports (Trans Union, Experian and Equifax) delete the Account from Plaintiff's credit history.  MBNA shall make this request to the credit bureaus within 10 days of receipt of an executed copy of this Agreement signed by Plaintiff.  MBNA shall use an industry standard Universal Data Form ("UDF"), a blank copy of which is attached to this Agreement as Exhibit 1, to request deletion of the Account from Plaintiff's credit history, and shall provide Plaintiff with a copy of the completed UDF provided to the credit bureaus.

JUN 12 2007 15:58 FR BANK OF AMERICA    602 597 3959 TO 913124533440    P.02/06

Mar 07 01 09:08p    E. SCOTT FRISON JR    301805609T    P.4

2.2    <u>Obligations of Plaintiff.</u>

Upon receipt of an executed copy of this Agreement signed by MBNA, Plaintiff shall file a Request for Dismissal of the Action with Prejudice and take any additional measures necessary to dismiss the Action with prejudice. Plaintiff shall provide MBNA with a conformed copy of the Dismissal when filed. Plaintiff further agrees not to re-file the Complaint or Action against MBNA, or to appeal any ruling made by the Court in this Action.

2.3    <u>Tax Liability.</u>

MBNA may issue an I.R.S. Form 1099 to Plaintiff. MBNA makes no representations and warranties as to the tax implications of this Agreement, and Plaintiff agrees to hold MBNA harmless and to release MBNA from any tax liability issues.

3.    <u>Release.</u>

Except for the rights, duties and obligations set forth in this Agreement, Plaintiff for himself and his agents, servants, employees, representatives, assigns, predecessors-in-interest, heirs, executors, trustees, joint venturers, partners, and attorneys, and each of them, hereby absolutely, fully and forever releases, relieves, waives, relinquishes and discharges MBNA, its current, former and future parents, affiliates, subsidiaries, collection agencies, vendors, and each of their respective officers, directors, shareholders, members, agents, servants, employees, representatives, predecessors, successors, assigns, and attorneys (the "Released Parties") of and from any and all causes of action, suits and liabilities, now existing or will exist at law or in equity, whether known or unknown, relating to the Account and the subject matter of the Dispute, the Complaint, and/or the Action. Plaintiff further agrees that he will not file any appeals, claims, complaints, affidavits, arbitrations or other proceedings ("Proceedings") with any court, arbitration forum or with any regulatory or administrative agency with respect to the matters released in this Agreement against any of the Released Parties, and any such Proceedings filed prior to the execution of this Agreement shall be promptly dismissed or withdrawn.

4.    <u>Waiver of Rights Under California Civil Code Section 1542.</u>

Plaintiff hereby acknowledges that he may hereafter discover facts different from, or in addition to, those which he now claims or believes to be true with respect to the claims released herein, and agrees that this Agreement shall be and remain effective in all respects notwithstanding the discovery of such different or additional facts. In furtherance of the release set forth in Paragraph 3 above, Plaintiff hereby acknowledges that he is knowingly and voluntarily waiving his rights under Section 1542 of the California Civil Code to the full extent that he may lawfully waive all such rights and benefits pertaining to the subject matter hereof, and that the consequence of such waiver has been explained to him by his counsel and/or advisors. Plaintiff acknowledges that he is familiar with the provisions of Section 1542 which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

JUN 12 2007 15:58 FR BANK OF AMERICA      602 597 3959 TO 913124533440      P.03/06
Mar 07 01 09:08p    E. SCOTT FRISON JR

Notwithstanding the provisions of Section 1542, and for the purposes of implementing a full and complete release in accordance with the terms set forth in Paragraph 3 above, Plaintiff expressly acknowledges that this Release is intended to include in its scope all claims against the Released Parties which Plaintiff does not know or suspect to exist in his favor at the time of execution of this Agreement, and that this release contemplates the extinguishment of any such claim or claims. Plaintiff expressly waives any right to assert hereafter that any claims were excluded from this Agreement through ignorance, oversight, error or otherwise.

5.    **Credit Reporting.**

The Account is or will be closed, and Plaintiff agrees to not seek to reopen the Account. MBNA shall take all necessary and reasonable steps to request that the three credit bureaus to which it reports (Trans Union, Experian and Equifax) delete the Account from Plaintiff's credit history. Plaintiff understands that MBNA is not a credit bureau, and it may take 60 to 90 days for the bureaus to update his credit history. If, at any time following 90 days after the execution of this Agreement by all parties, Plaintiff determines that one or more of the credit bureaus have not complied with MBNA's request, Plaintiff agrees to provide prompt written notice to MBNA's counsel, at the address provided in Paragraph 10 and provide full copies of any credit bureau reports for which Plaintiff contends the Account was not deleted. In that event, MBNA shall, within fifteen (15) business days following receipt of such notice and reports, re-contact the credit bureaus at issue that have not updated Plaintiff's credit report and again request that the Account be deleted from his report. However, Plaintiff understands that MBNA has no control over the credit bureaus and will not hold MBNA liable for the credit bureaus' actions or inactions beyond those responsibilities agreed to in this Agreement.

6.    **Representations and Indemnity.**

Plaintiff represents and warrants to MBNA that he has not heretofore assigned, hypothecated, or otherwise transferred, or attempted to assign, hypothecate or transfer, any claim or claims against MBNA and that there is no other person or legal entity that has not executed this Agreement as a releasing party that has any interest in any such claim or claims against MBNA. Plaintiff hereby agrees to indemnify and hold harmless MBNA from any and all liabilities, claims, demands, obligations, damages, costs, expenses and attorneys' fees arising from or related to any claim which, if true, would constitute a breach of this representation and warranty including, but not limited to, all claims resulting from anyone asserting such interest, assignment, hypothecation or transfer.

7.    **Authority.**

Each party represents and warrants to the other party that the person executing this Agreement on his or her or its behalf has full authority and capacity to execute this Agreement and to give the releases and other promises contained herein.

8.    **No Admission of Liability.**

This Agreement affects the settlement of claims which are denied and contested, and nothing contained herein shall be construed as an admission by MBNA of any liability of any kind. MBNA denies any liability in connection with any such claims and intends merely to avoid litigating the Action.

3 of 6



JUN 12 2007 15:59 FR BANK OF AMERICA     602 597 3959 TO 913124533440     P.04/06
Mar 07 01 09:09p     E. SCOTT FRISON JR

9.     **Confidentiality.**

Plaintiff acknowledges that the confidentiality of this Agreement is of the utmost importance to MBNA and without the unequivocal commitment of Plaintiff to keep this Agreement confidential, MBNA would not have entered into this Agreement. Plaintiff therefore hereby unequivocally covenant he will not review, discuss or disclose, either orally or in writing, the terms of this Agreement or this Action with any other persons or entities except (i) to his tax advisors, and (ii) as required by a duly served subpoena or court order. If Plaintiff is served with such a subpoena or court order, he shall immediately notify and provide MBNA with a copy of same before disclosing any terms of this Agreement and provide MBNA with an opportunity to contest such subpoena or court order.

10.     **Notices.**

Any notice or communication required under this Agreement will be effective when received and sufficient if given in writing, and shall be addressed as follows:

For Plaintiff:          E. Scott Frison, Jr. Esq.
                        1629 K. Street, NW, Suite 300
                        Washington D.C., 20036

For MBNA:               Abraham J. Colman, Esq.
                        Amir Shlesinger, Esq.
                        Reed Smith, LLP
                        355 S. Grand Ave., Suite 2900
                        Los Angeles, CA 90071

11.     **General Provisions.**

11.1     **Attorneys' Fees and Costs.**

Each of the parties hereto shall bear his or its own costs and expenses incurred in connection with the disputes between the parties which are the subject of, or related to, this Agreement including, without limitation, the negotiation, drafting and consummation of this Agreement.

11.2     **Further Cooperation.**

Each party hereto agrees to execute all such further and additional documents and instruments, as shall be necessary or expedient to carry out the provisions of this Agreement, and shall promptly and in good faith undertake all reasonable acts to effectuate the provisions of this Agreement.

11.3     **Entire Agreement.**

This Agreement contains the entire agreement and understanding between the parties concerning the subject matter hereof, and any and all prior oral or written agreements or understandings between the parties related hereto are superseded. No representations, oral or otherwise, express or implied, other than those specifically referred to in this Agreement, have been made by any party hereto.

4 of 6



JUN 12 2007 15:59 FR BANK OF AMERICA    602 597 3959 TO 913124533440    P.05/06

Mar 07 01 09:10p    E. SCOTT FRISON JR

11.4    Choice of Law and Jurisdiction.

This Agreement is being executed in the state California and the District of Columbia, and it shall be deemed to be made under, and shall be interpreted in accordance with, the internal laws of the State of California.

11.5    Legal Advice.

Each party has had the opportunity to consult with independent legal counsel with respect to the advisability of making the settlement provided for herein and of executing this Agreement and all other matters contained herein.

11.6    Investigation.

The parties hereby acknowledge that they have read this Agreement and have had or could have it fully explained to them by counsel of their choice, and that they are fully aware of the contents of this Agreement and of the legal effect of each and every provision thereof. Each party to this Agreement has made such investigation of the facts pertaining to this Agreement and of all of the matters pertaining thereto as it deems necessary.

11.7    Waiver, Modification and Amendment.

No provision of this Agreement may be waived unless in writing signed by all parties hereto. Waiver of any one provision shall not be deemed to be a waiver of any other provision hereof. This Agreement may not be altered, amended or otherwise changed or modified, except in writing signed by both of the parties.

11.8    Severability.

If any part of this Agreement is void or otherwise invalid and hence, unenforceable, such invalid or void portion shall be deemed to be separate and severable from the balance of this Agreement, and shall be given full force and effect as though the void or invalid provision had never been a part of this Agreement.

11.9    Construction.

In construing this Agreement, none of the parties hereto shall have any term or provision, or any uncertainty or ambiguity as to any term or provision herein, construed against such party solely by reason of such party having drafted the same, as a result of the manner of the preparation of this Agreement, or otherwise. Each term and provision of this Agreement shall be construed and interpreted so as to render it enforceable. In the event any provision of this Agreement is held to be illegal or unenforceable, the remainder of this Agreement shall be binding and enforceable.

11.10    Execution in Counterparts.

This Agreement may be executed in counterparts and all of said counterparts shall collectively constitute one agreement binding on all parties.

5 of 6



JUN 12 2007 15:59 FR BANK OF AMERICA    602 597 3959 TO 913124533440    P.06/06
Mar 07 01 09:10p    E. SCOTT FRISON JR    3018066691    P.0

#### 11.11 Faxed Signatures.

Telecopied signatures shall be deemed originals, but each party transmitting its signature by telecopy shall thereafter deliver an original signature page to be appended to this Agreement.

#### 11.12 Headings or Pronouns.

Headings or captions contained in this Agreement are solely for the convenience of the parties, are not a part of this Agreement, and shall not be used for the interpretation of, or determination of the validity of, this Agreement or any provision hereof. Whenever the context may so require, the masculine gender shall be deemed to refer to and include the feminine and neuter, and the singular shall be deemed to refer to and include the plural, and vice versa.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the dates set forth below.

DATED: June 13, 2007

_____
E. SCOTT FRISON, JR. ESQ.

DATED: June 12, 2007

By _____
MARY LEE TREVINO, VICE PRESIDENT
FOR:    MBNA AMERICA BANK, N.A., now known as FIA Card Services, N.A. ("MBNA")

6 of 6



## Universal Data Form

This form is for reporting or updating account information:

| Change ☑ | Delete ☐ | Add ☐ | Delete due to Fraud ☐ | | |
|---|---|---|---|---|---|

| Subscriber Name: | Bank of America | Equifax SC | Innovis SC |
|---|---|---|---|
| Subscriber Address: | 201 North Tryon St  Charlotte North  Carolina  28255-0001 | Experian SC | TU SC |

### CONSUMER INFORMATION

| Last Name- | First- | Middle- | Gen- | SSN- - | DOB- - |
|---|---|---|---|---|---|
| Current Address- | | City- | State- | Zip + 4 - - | |
| Previous Address- | | City- | State- | Zip + 4 - - | |
| Consumer Information Indicator- | | ECOA- | | Phone # - | |

### EMPLOYMENT INFORMATION

| Employer Name- | | Occupation- | |
|---|---|---|---|
| Current Address- | City- | State- | Zip + 4- |

### ASSOCIATED CONSUMER INFORMATION

| Last Name- - | First- - | Middle- - | Gen.- - | SSN - - | DOB- - |
|---|---|---|---|---|---|
| Current Address - - | | City- - | State- - | Zip + 4 - - | |
| Consumer Information Indicator- - | ECOA- - | | Phone:- - | | |
| Last Name- - | First- - | Middle- - | Gen.- - | SSN - - | DOB- - |
| Current Address - - | | City- - | State- - | Zip + 4- - - | |
| Consumer Information Indicator- - | ECOA- - | | Phone:- - | | |

### Account Information

| Account Number | Date Opened | Current Balance | Amount Past Due | Payment History 1-84 Months |
|---|---|---|---|---|
| - | - | - | - | |

| Terms Duration/Frequency | Date Closed | Actual Payment | Date of Last Payment | Account Status | Account Type |
|---|---|---|---|---|---|
| null | - | - | - | | |

| Portfolio Type | Credit Limit | High Credit | Scheduled Monthly | Special Comment Code |
|---|---|---|---|---|
| - | - | - | - | - |

| Payment rating | Date of Account Information | FCRA 1st Date of Delinquency | Original Charge off Amount | Compliance Condition Code |
|---|---|---|---|---|
| - | - | - | - | - |

| Original Creditor Name (business name only) | Creditor Classification |
|---|---|
| - | |

| Purchased Portfolio or Sold to Name (business name only) | Portfolio Indicator |
|---|---|
| | |

| Mortgage Agency Identifier | Secondary Marketing Agency Account # | Specialized Payment Indicator | Deferred Payment Start Date | Deferred Payment Due Date | Deferred Paymen Amount |
|---|---|---|---|---|---|
| - | - | | - | | - |

| Mortgage Identification # (MIN) | AUD control # |
|---|---|
| - | 20019968 |

When you sign this form, you certify that your computer and/or manual records have been adjusted to reflect any changes made.

**Authorized Signature:**         **Date:**

**Please Print Name:**         **Telephone:**

Exhibit 1

# EXHIBIT C

**Shlesinger, Amir**

| | |
|---|---|
| **From:** | Shlesinger, Amir |
| **Sent:** | Wednesday, June 13, 2007 2:23 PM |
| **To:** | 'Frisonlaw@aol.com' |
| **Cc:** | Colman, Abraham J.; Shlesinger, Amir |
| **Subject:** | Executed Agreement |
| **Attachments:** | Document.pdf |



Document.pdf (356
KB)

Scotty,

Attached is a copy of the fully executed Agreement.  As soon as I get the completed UDF form, I will provide you with a copy of that as well.

Please provide me with a copy of the Request for Dismissal as soon as possible.  Thank you.

Amir

JUN 12 2007 15:58 FR BANK OF AMERICA    602 597 3959 TO 913124533440    P.01/06
Mar 07 01 09:08p    E. SCOTT FRISON JR

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between E. SCOTT FRISON, JR. ESQ. ("Plaintiff") and MBNA AMERICA BANK, N.A., now known as FIA Card Services, N.A.  ("MBNA") with reference to the following facts:

### RECITALS

A.     There is presently pending in the United States District Court for the District of Columbia (the "Court") a civil action entitled "E. Scott Frison, Jr. Esq. v. MBNA," bearing Case No. 1:06cv01974 (the "Action").

B.     On or about November 17, 2006, Plaintiff commenced the Action in the Court by filing a complaint against MBNA (erroneously sued as MBNA instead of MBNA America Bank, N.A.) relating to Plaintiffs MBNA account, assigned account number 4800-1215-9418-5488 (the "Account") ("Complaint").  Plaintiff contends that he purchased credit protection policies which operate to pay the balance on the Account in the event of a disability, that he made a disability claim under the policies, and the MBNA did not process the claim (the "Dispute");

C.     MBNA denies each of the allegations of wrongdoing asserted by Plaintiff in the Action.

D.     The parties have agreed to settle their claims against each other arising out of or related to the Account, Dispute, Complaint, and/or the Action, including the filing thereof, or otherwise, on the terms and conditions set forth below.

WHEREFORE, in consideration of the promises, covenants, representations and warranties contained herein, and for good and valuable consideration given hereunder, the sufficiency of which is hereby acknowledged by the signatories to this Agreement, the parties hereby agree as follows:

1.     **Effective Date.**

This Agreement shall become effective on the date signed by all parties to the Agreement.

2.     **Consideration.**

2.1     **Obligations of MBNA.**

Upon receipt of an executed copy of this Agreement signed by Plaintiff, MBNA shall close the Account (if not already closed) and forgive the outstanding balances on the Account.  MBNA shall take all necessary and reasonable steps to request that the three credit bureaus to which it reports (Trans Union, Experian and Equifax) delete the Account from Plaintiff's credit history.  MBNA shall make this request to the credit bureaus within 10 days of receipt of an executed copy of this Agreement signed by Plaintiff.  MBNA shall use an industry standard Universal Data Form ("UDF"), a blank copy of which is attached to this Agreement as Exhibit 1, to request deletion of the Account from Plaintiff's credit history, and shall provide Plaintiff with a copy of the completed UDF provided to the credit bureaus.

1 of 6

JUN 12 2007 15:58 FR BANK OF AMERICA    602 597 3959 TO 913124533440    P.02/06
Mar 07 01 09:08p    E. SCOTT FRISON JR    3018066691    P.4

2.2    Obligations of Plaintiff.

Upon receipt of an executed copy of this Agreement signed by MBNA, Plaintiff shall file a Request for Dismissal of the Action with Prejudice and take any additional measures necessary to dismiss the Action with prejudice. Plaintiff shall provide MBNA with a conformed copy of the Dismissal when filed. Plaintiff further agrees not to re-file the Complaint or Action against MBNA, or to appeal any ruling made by the Court in this Action.

2.3    Tax Liability.

MBNA may issue an I.R.S. Form 1099 to Plaintiff. MBNA makes no representations and warranties as to the tax implications of this Agreement, and Plaintiff agrees to hold MBNA harmless and to release MBNA from any tax liability issues.

3.    Release.

Except for the rights, duties and obligations set forth in this Agreement, Plaintiff for himself and his agents, servants, employees, representatives, assigns, predecessors-in-interest, heirs, executors, trustees, joint venturers, partners, and attorneys, and each of them, hereby absolutely, fully and forever releases, relieves, waives, relinquishes and discharges MBNA, its current, former and future parents, affiliates, subsidiaries, collection agencies, vendors, and each of their respective officers, directors, shareholders, members, agents, servants, employees, representatives, predecessors, successors, assigns, and attorneys (the "Released Parties") of and from any and all causes of action, suits and liabilities, now existing or will exist at law or in equity, whether known or unknown, relating to the Account and the subject matter of the Dispute, the Complaint, and/or the Action. Plaintiff further agrees that he will not file any appeals, claims, complaints, affidavits, arbitrations or other proceedings ("Proceedings") with any court, arbitration forum or with any regulatory or administrative agency with respect to the matters released in this Agreement against any of the Released Parties, and any such Proceedings filed prior to the execution of this Agreement shall be promptly dismissed or withdrawn.

4.    Waiver of Rights Under California Civil Code Section 1542.

Plaintiff hereby acknowledges that he may hereafter discover facts different from, or in addition to, those which he now claims or believes to be true with respect to the claims released herein, and agrees that this Agreement shall be and remain effective in all respects notwithstanding the discovery of such different or additional facts. In furtherance of the release set forth in Paragraph 3 above, Plaintiff hereby acknowledges that he is knowingly and voluntarily waiving his rights under Section 1542 of the California Civil Code to the full extent that he may lawfully waive all such rights and benefits pertaining to the subject matter hereof, and that the consequence of such waiver has been explained to him by his counsel and/or advisors. Plaintiff acknowledges that he is familiar with the provisions of Section 1542 which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

JUN 12 2007 15:58 FR BANK OF AMERICA    602 597 3959 TO 913124533440    P.03/06

Mar 07 01 09:08p    E. SCOTT FRISON JR

Notwithstanding the provisions of Section 1542, and for the purposes of implementing a full and complete release in accordance with the terms set forth in Paragraph 3 above, Plaintiff expressly acknowledges that this Release is intended to include in its scope all claims against the Released Parties which Plaintiff does not know or suspect to exist in his favor at the time of execution of this Agreement, and that this release contemplates the extinguishment of any such claim or claims. Plaintiff expressly waives any right to assert hereafter that any claims were excluded from this Agreement through ignorance, oversight, error or otherwise.

5.    **Credit Reporting.**

The Account is or will be closed, and Plaintiff agrees to not seek to reopen the Account. MBNA shall take all necessary and reasonable steps to request that the three credit bureaus to which it reports (Trans Union, Experian and Equifax) delete the Account from Plaintiff's credit history. Plaintiff understands that MBNA is not a credit bureau, and it may take 60 to 90 days for the bureaus to update his credit history. If, at any time following 90 days after the execution of this Agreement by all parties, Plaintiff determines that one or more of the credit bureaus have not complied with MBNA's request, Plaintiff agrees to provide prompt written notice to MBNA's counsel, at the address provided in Paragraph 10 and provide full copies of any credit bureau reports for which Plaintiff contends the Account was not deleted. In that event, MBNA shall, within fifteen (15) business days following receipt of such notice and reports, re-contact the credit bureaus at issue that have not updated Plaintiff's credit report and again request that the Account be deleted from his report. However, Plaintiff understands that MBNA has no control over the credit bureaus and will not hold MBNA liable for the credit bureaus' actions or inactions beyond those responsibilities agreed to in this Agreement.

6.    **Representations and Indemnity.**

Plaintiff represents and warrants to MBNA that he has not heretofore assigned, hypothecated, or otherwise transferred, or attempted to assign, hypothecate or transfer, any claim or claims against MBNA and that there is no other person or legal entity that has not executed this Agreement as a releasing party that has any interest in any such claim or claims against MBNA. Plaintiff hereby agrees to indemnify and hold harmless MBNA from any and all liabilities, claims, demands, obligations, damages, costs, expenses and attorneys' fees arising from or related to any claim which, if true, would constitute a breach of this representation and warranty including, but not limited to, all claims resulting from anyone asserting such interest, assignment, hypothecation or transfer.

7.    **Authority.**

Each party represents and warrants to the other party that the person executing this Agreement on his or her or its behalf has full authority and capacity to execute this Agreement and to give the releases and other promises contained herein.

8.    **No Admission of Liability.**

This Agreement affects the settlement of claims which are denied and contested, and nothing contained herein shall be construed as an admission by MBNA of any liability of any kind. MBNA denies any liability in connection with any such claims and intends merely to avoid litigating the Action.

3 of 6



JUN 12 2007 15:59 FR BANK OF AMERICA    602 597 3959 TO 913124533440    P.04/06
Mar 07 01 09:09p    E. SCOTT FRISON JR

9.    **Confidentiality.**

Plaintiff acknowledges that the confidentiality of this Agreement is of the utmost importance to MBNA and without the unequivocal commitment of Plaintiff to keep this Agreement confidential, MBNA would not have entered into this Agreement.  Plaintiff therefore hereby unequivocally covenant he will not review, discuss or disclose, either orally or in writing, the terms of this Agreement or this Action with any other persons or entities except (i) to his tax advisors, and (ii) as required by a duly served subpoena or court order.  If Plaintiff is served with such a subpoena or court order, he shall immediately notify and provide MBNA with a copy of same before disclosing any terms of this Agreement and provide MBNA with an opportunity to contest such subpoena or court order.

10.    **Notices.**

Any notice or communication required under this Agreement will be effective when received and sufficient if given in writing, and shall be addressed as follows:

For Plaintiff:          E. Scott Frison, Jr. Esq.
                        1629 K. Street, NW, Suite 300
                        Washington D.C., 20036

For MBNA:               Abraham J. Colman, Esq.
                        Amir Shlesinger, Esq.
                        Reed Smith, LLP
                        355 S. Grand Ave., Suite 2900
                        Los Angeles, CA 90071

11.    **General Provisions.**

11.1    **Attorneys' Fees and Costs.**

Each of the parties hereto shall bear his or its own costs and expenses incurred in connection with the disputes between the parties which are the subject of, or related to, this Agreement including, without limitation, the negotiation, drafting and consummation of this Agreement.

11.2    **Further Cooperation.**

Each party hereto agrees to execute all such further and additional documents and instruments, as shall be necessary or expedient to carry out the provisions of this Agreement, and shall promptly and in good faith undertake all reasonable acts to effectuate the provisions of this Agreement.

11.3    **Entire Agreement.**

This Agreement contains the entire agreement and understanding between the parties concerning the subject matter hereof, and any and all prior oral or written agreements or understandings between the parties related hereto are superseded.  No representations, oral or otherwise, express or implied, other than those specifically referred to in this Agreement, have been made by any party hereto.

4 of 6



JUN 12 2007 15:59 FR BANK OF AMERICA          602 597 3959 TO 913124533440          P.05/06

Mar 07 01 09:10p    E. SCOTT FRISON JR

11.4   Choice of Law and Jurisdiction.

This Agreement is being executed in the state California and the District of Columbia, and it shall be deemed to be made under, and shall be interpreted in accordance with, the internal laws of the State of California.

11.5   Legal Advice.

Each party has had the opportunity to consult with independent legal counsel with respect to the advisability of making the settlement provided for herein and of executing this Agreement and all other matters contained herein.

11.6   Investigation.

The parties hereby acknowledge that they have read this Agreement and have had or could have it fully explained to them by counsel of their choice, and that they are fully aware of the contents of this Agreement and of the legal effect of each and every provision thereof. Each party to this Agreement has made such investigation of the facts pertaining to this Agreement and of all of the matters pertaining thereto as it deems necessary.

11.7   Waiver, Modification and Amendment.

No provision of this Agreement may be waived unless in writing signed by all parties hereto. Waiver of any one provision shall not be deemed to be a waiver of any other provision hereof. This Agreement may not be altered, amended or otherwise changed or modified, except in writing signed by both of the parties.

11.8   Severability.

If any part of this Agreement is void or otherwise invalid and hence, unenforceable, such invalid or void portion shall be deemed to be separate and severable from the balance of this Agreement, and shall be given full force and effect as though the void or invalid provision had never been a part of this Agreement.

11.9   Construction.

In construing this Agreement, none of the parties hereto shall have any term or provision, or any uncertainty or ambiguity as to any term or provision herein, construed against such party solely by reason of such party having drafted the same, as a result of the manner of the preparation of this Agreement, or otherwise. Each term and provision of this Agreement shall be construed and interpreted so as to render it enforceable. In the event any provision of this Agreement is held to be illegal or unenforceable, the remainder of this Agreement shall be binding and enforceable.

11.10   Execution in Counterparts.

This Agreement may be executed in counterparts and all of said counterparts shall collectively constitute one agreement binding on all parties.

5 of 6



JUN 12 2007 15:59 FR BANK OF AMERICA     602 597 3959 TO 913124533440     P.06/06
Mar 07 01 09:10p     E. SCOTT FRISON JR                  3018066691                    p.o

### 11.11 Faxed Signatures.

Telecopied signatures shall be deemed originals, but each party transmitting its signature by telecopy shall thereafter deliver an original signature page to be appended to this Agreement.

### 11.12 Headings or Pronouns.

Headings or captions contained in this Agreement are solely for the convenience of the parties, are not a part of this Agreement, and shall not be used for the interpretation of, or determination of the validity of, this Agreement or any provision hereof. Whenever the context may so require, the masculine gender shall be deemed to refer to and include the feminine and neuter, and the singular shall be deemed to refer to and include the plural, and vice versa.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the dates set forth below.

DATED: June 12, 2007

_____
E. SCOTT FRISON, JR. ESQ.

DATED: June 12, 2007

By _Mary Lu Trevino_
   MARY LOU TREVINO, VICE PRESIDENT
FOR:  MBNA AMERICA BANK, N.A., now known as FIA
      Card Services, N.A. ("MBNA")

6 of 6



** TOTAL PAGE.06 **

## Universal Data Form

| This form is for reporting or updating account information: | | | | | |
|---|---|---|---|---|---|
| Change ☑ | Delete ☐ | Add ☐ | Delete due to Fraud ☐ | | |
| Subscriber Name: Bank of America | | | Equifax SC | | Innovis SC |
| Subscriber Address: 201 North Tryon St  Charlotte North Carolina 28256-0001 | | | Experian SC | | TU SC |

### CONSUMER INFORMATION

| Last Name- | First- | Middle- | | Gen- | SSN- | | DOB- - |
|---|---|---|---|---|---|---|---|
| Current Address- | | | City- | State- | | Zip + 4 - - | |
| Previous Address- | | | City- | State- | | Zip + 4 - - | |
| Consumer Information Indicator- | | | ECOA- | | | Phone # - | |

### EMPLOYMENT INFORMATION

| Employer Name- | | | Occupation- | | |
|---|---|---|---|---|---|
| Current Address- | | City- | | State- | Zip + 4 - - |

### ASSOCIATED CONSUMER INFORMATION

| Last Name- - | First- - | Middle- - | | Gen,- - | SSN- - | | DOB- - |
|---|---|---|---|---|---|---|---|
| Current Address - - | | | City- - | State- - | | Zip + 4 - --- | |
| Consumer Information Indicator- - | ECOA- - | | | Phone:- - | | | |
| Last Name- - | First- - | Middle- - | | Gen.- - | SSN- - | | DOB- - |
| Current Address - - | | | City- - | State- - | | Zip + 4- -- | |
| Consumer Information Indicator- - | ECOA- - | | | Phone:- - | | | |

### Account Information

| Account Number | | Date Opened | | Current Balance | | Amount Past Due | | Payment History 1-24 Months |
|---|---|---|---|---|---|---|---|---|
| - | | - | | - | | - | | |
| Terms Duration/Frequency | Date Closed | Actual Payment | | Date of Last Payment | | Account Status | Account Type | |
| null | - | - | | - | | | | |
| Portfolio Type | Credit Limit | High Credit | | Scheduled Monthly | | Special Comment Code | | |
| - | - | - | | | | | | |
| Payment rating | Date of Account Information | FCRA 1st Date of Delinquency | | Original Charge off Amount | | Compliance Condition Code | | |
| - | - | - | | - | | | | |

| Original Creditor Name (business name only) | | Creditor Classification |
|---|---|---|
| | | |

| Purchased Portfolio or Sold to Name (business name only) | | Portfolio Indicator |
|---|---|---|
| | | |

| Mortgage Agency Identifier | Secondary Marketing Agency Account # | Specialized Payment Indicator | Deferred Payment Start Date | Deferred Payment Due Date | Deferred Paymer Amount |
|---|---|---|---|---|---|
| - | - | - | - | - | - |

| Mortgage Identification # (MIN) | AUD control # |
|---|---|
| - - | 20019968 |

**When you sign this form, you certify that your computer and/or manual records have been adjusted to reflect any changes made.**

**Authorized Signature:**                     **Date:**

**Please Print Name:**                        **Telephone:**

Exhibit 1

# EXHIBIT D

**Shlesinger, Amir**

| | |
|---|---|
| **From:** | Shlesinger, Amir |
| **Sent:** | Tuesday, June 19, 2007 10:24 AM |
| **To:** | 'Frisonlaw@aol.com' |
| **Cc:** | Colman, Abraham J.; Shlesinger, Amir |
| **Subject:** | UDF |

**Attachments:**     D015901E.PDF

Scotty:

Attached please find a completed copy of the UDF form that MBNA has prepared and filed with the credit bureaus.

Please provide us with a conformed copy of the dismissal request asap.  Thank you.

Amir



D015901E.PDF (26
KB)

# UNIVERSAL DATA FORM

General Help (F1)     This form has been approved for reporting or updating account information.

[ ] New    [ ] Change     If change makes trade current, is previous delinquent history to be deleted?

[X] Delete (By checking Delete, tradeline will be removed)     [ ] Yes     [ ] No

(Do not include security passwords with codes below.)

Subscriber Name:     MBNA America          EXPERIAN Subscriber Code:
Subscriber Address: _____  EQUIFAX Subscriber Code: _____
                                           Trans Union Subscriber Code: _____

## CONSUMER INFORMATION

| Surname | First | Middle Name | Suffix | SSN: | | DOB |
|---|---|---|---|---|---|---|
| FRISON | E | SCOTT | | 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 | | |

| Current Address | City | | State | Zip Code |
|---|---|---|---|---|
| 16409 EDGEPARK CT | BOWIE | | MD | 20716 |

| Current Employer Name | Occupation | City | State |
|---|---|---|---|
| | | | |

### Co-Applicant Information

| Surname | Name | Middle Name | Suffix | SSN: | DOB |
|---|---|---|---|---|---|
| FRISON | LISA | A | | | |

| Address (if different) | City | | State | Zip Code |
|---|---|---|---|---|
| | | | | |

| Employer Name | Occupation | City | State |
|---|---|---|---|
| | | | |

## CURRENT HISTORICAL ACCOUNT INFORMATION

| Account Number | | Present Status | | | 24-Month Payment History | | | | | Type |
|---|---|---|---|---|---|---|---|---|---|---|
| 4313020943039604 4800121594185488 | Date Open 5/17/1995 | Date | Balance | Past Due | MOP History | | | | | Acct/ MOP |
| Metro Status Code | Orig. or Credit Limit Amt. | Terms/ Amount | Date Last Pay | Maximum Delinquency Date | Amt.* | MOP | Status Closed Date | CCC | CII | SCC | ECOA |
| | | | | / / | | | / / | | | | |
| Type of Loan | High Credit $11,453 | First Delinquency Date | P&L Amount | MOP | Historical Status 30 | 60 | 90 | 120 | 150 | 180 |

*Must be present when reporting a charge off or repossession.

When you sign this form, you certify that your computer and/or manual records have been adjusted to reflect any changes made.

[ ] Automated     [ ] Manual

## AND 4800121999328154. DELETE ACCOUNTS FROM REPORTING TO CONSUMERS FILES.

Authorized Signature: _____     Date: 6/13/2007

Please Print Name: DAWN D WILLIAMS     Telephone: (   )   -     EXT.

# EXHIBIT E

**Shlesinger, Amir**

| | |
|---|---|
| **From:** | Shlesinger, Amir |
| **Sent:** | Wednesday, July 11, 2007 10:33 AM |
| **To:** | 'Frisonlaw@aol.com' |
| **Cc:** | Colman, Abraham J. |
| **Subject:** | FW: Executed Agreement |

**Attachments:** Document.pdf



Document.pdf (356
KB)
            Scotty,

Attached is my June 13th email to in which I attached a copy of the executed agreement.  I
am attaching another copy of the executed agreement as you requested.

Amir

-----Original Message-----
From: Shlesinger, Amir
Sent: Wednesday, June 13, 2007 2:23 PM
To: 'Frisonlaw@aol.com'
Cc: Colman, Abraham J.; Shlesinger, Amir
Subject: Executed Agreement

Scotty,

Attached is a copy of the fully executed Agreement.  As soon as I get the completed UDF
form, I will provide you with a copy of that as well.

Please provide me with a copy of the Request for Dismissal as soon as possible.  Thank
you.

Amir

JUN 12 2007 15:58 FR BANK OF AMERICA    602 597 3959 TO 913124533440    P.01/06
Mar 07 01 09:08p    E. SCOTT FRISON JR

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between E. SCOTT FRISON, JR. ESQ. ("Plaintiff") and MBNA AMERICA BANK, N.A., now known as FIA Card Services, N.A.  ("MBNA") with reference to the following facts:

### RECITALS

A.    There is presently pending in the United States District Court for the District of Columbia (the "Court") a civil action entitled "E. Scott Frison, Jr. Esq. v. MBNA," bearing Case No. 1:06cv01974 (the "Action").

B.    On or about November 17, 2006, Plaintiff commenced the Action in the Court by filing a complaint against MBNA (erroneously sued as MBNA instead of MBNA America Bank, N.A.) relating to Plaintiff's MBNA account, assigned account number 4800-1215-9418-5488 (the "Account") ("Complaint").  Plaintiff contends that he purchased credit protection policies which operate to pay the balance on the Account in the event of a disability, that he made a disability claim under the policies, and the MBNA did not process the claim (the "Dispute");

C.    MBNA denies each of the allegations of wrongdoing asserted by Plaintiff in the Action.

D.    The parties have agreed to settle their claims against each other arising out of or related to the Account, Dispute, Complaint, and/or the Action, including the filing thereof, or otherwise, on the terms and conditions set forth below.

WHEREFORE, in consideration of the promises, covenants, representations and warranties contained herein, and for good and valuable consideration given hereunder, the sufficiency of which is hereby acknowledged by the signatories to this Agreement, the parties hereby agree as follows:

1.    **Effective Date.**

This Agreement shall become effective on the date signed by all parties to the Agreement.

2.    **Consideration.**

2.1    **Obligations of MBNA.**

Upon receipt of an executed copy of this Agreement signed by Plaintiff, MBNA shall close the Account (if not already closed) and forgive the outstanding balances on the Account.  MBNA shall take all necessary and reasonable steps to request that the three credit bureaus to which it reports (Trans Union, Experian and Equifax) delete the Account from Plaintiff's credit history.  MBNA shall make this request to the credit bureaus within 10 days of receipt of an executed copy of this Agreement signed by Plaintiff.  MBNA shall use an industry standard Universal Data Form ("UDF"), a blank copy of which is attached to this Agreement as Exhibit 1, to request deletion of the Account from Plaintiff's credit history, and shall provide Plaintiff with a copy of the completed UDF provided to the credit bureaus.

JUN 12 2007 15:58 FR BANK OF AMERICA    602 597 3959 TO 913124533440    P.02/06

Mar 07 01 09:08p    E. SCOTT FRISON JR

### 2.2    Obligations of Plaintiff.

Upon receipt of an executed copy of this Agreement signed by MBNA, Plaintiff shall file a Request for Dismissal of the Action with Prejudice and take any additional measures necessary to dismiss the Action with prejudice. Plaintiff shall provide MBNA with a conformed copy of the Dismissal when filed. Plaintiff further agrees not to re-file the Complaint or Action against MBNA, or to appeal any ruling made by the Court in this Action.

### 2.3    Tax Liability.

MBNA may issue an I.R.S. Form 1099 to Plaintiff. MBNA makes no representations and warranties as to the tax implications of this Agreement, and Plaintiff agrees to hold MBNA harmless and to release MBNA from any tax liability issues.

## 3.    Release.

Except for the rights, duties and obligations set forth in this Agreement, Plaintiff for himself and his agents, servants, employees, representatives, assigns, predecessors-in-interest, heirs, executors, trustees, joint venturers, partners, and attorneys, and each of them, hereby absolutely, fully and forever releases, relieves, waives, relinquishes and discharges MBNA, its current, former and future parents, affiliates, subsidiaries, collection agencies, vendors, and each of their respective officers, directors, shareholders, members, agents, servants, employees, representatives, predecessors, successors, assigns, and attorneys (the "Released Parties") of and from any and all causes of action, suits and liabilities, now existing or will exist at law or in equity, whether known or unknown, relating to the Account and the subject matter of the Dispute, the Complaint, and/or the Action. Plaintiff further agrees that he will not file any appeals, claims, complaints, affidavits, arbitrations or other proceedings ("Proceedings") with any court, arbitration forum or with any regulatory or administrative agency with respect to the matters released in this Agreement against any of the Released Parties, and any such Proceedings filed prior to the execution of this Agreement shall be promptly dismissed or withdrawn.

## 4.    Waiver of Rights Under California Civil Code Section 1542.

Plaintiff hereby acknowledges that he may hereafter discover facts different from, or in addition to, those which he now claims or believes to be true with respect to the claims released herein, and agrees that this Agreement shall be and remain effective in all respects notwithstanding the discovery of such different or additional facts. In furtherance of the release set forth in Paragraph 3 above, Plaintiff hereby acknowledges that he is knowingly and voluntarily waiving his rights under Section 1542 of the California Civil Code to the full extent that he may lawfully waive all such rights and benefits pertaining to the subject matter hereof, and that the consequence of such waiver has been explained to him by his counsel and/or advisors. Plaintiff acknowledges that he is familiar with the provisions of Section 1542 which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

2 of 6

JUN 12 2007 15:58 FR BANK OF AMERICA          602 597 3959 TO 913124533440          P.03/06
Mar 07 01 09:08p     E. SCOTT FRISON JR

Notwithstanding the provisions of Section 1542, and for the purposes of implementing a full and complete release in accordance with the terms set forth in Paragraph 3 above, Plaintiff expressly acknowledges that this Release is intended to include in its scope all claims against the Released Parties which Plaintiff does not know or suspect to exist in his favor at the time of execution of this Agreement, and that this release contemplates the extinguishment of any such claim or claims. Plaintiff expressly waives any right to assert hereafter that any claims were excluded from this Agreement through ignorance, oversight, error or otherwise.

5.   **Credit Reporting.**

The Account is or will be closed, and Plaintiff agrees to not seek to reopen the Account. MBNA shall take all necessary and reasonable steps to request that the three credit bureaus to which it reports (Trans Union, Experian and Equifax) delete the Account from Plaintiff's credit history. Plaintiff understands that MBNA is not a credit bureau, and it may take 60 to 90 days for the bureaus to update his credit history. If, at any time following 90 days after the execution of this Agreement by all parties, Plaintiff determines that one or more of the credit bureaus have not complied with MBNA's request, Plaintiff agrees to provide prompt written notice to MBNA's counsel, at the address provided in Paragraph 10 and provide full copies of any credit bureau reports for which Plaintiff contends the Account was not deleted. In that event, MBNA shall, within fifteen (15) business days following receipt of such notice and reports, re-contact the credit bureaus at issue that have not updated Plaintiff's credit report and again request that the Account be deleted from his report. However, Plaintiff understands that MBNA has no control over the credit bureaus and will not hold MBNA liable for the credit bureaus' actions or inactions beyond those responsibilities agreed to in this Agreement.

6.   **Representations and Indemnity.**

Plaintiff represents and warrants to MBNA that he has not heretofore assigned, hypothecated, or otherwise transferred, or attempted to assign, hypothecate or transfer, any claim or claims against MBNA and that there is no other person or legal entity that has not executed this Agreement as a releasing party that has any interest in any such claim or claims against MBNA. Plaintiff hereby agrees to indemnify and hold harmless MBNA from any and all liabilities, claims, demands, obligations, damages, costs, expenses and attorneys' fees arising from or related to any claim which, if true, would constitute a breach of this representation and warranty including, but not limited to, all claims resulting from anyone asserting such interest, assignment, hypothecation or transfer.

7.   **Authority.**

Each party represents and warrants to the other party that the person executing this Agreement on his or her or its behalf has full authority and capacity to execute this Agreement and to give the releases and other promises contained herein.

8.   **No Admission of Liability.**

This Agreement affects the settlement of claims which are denied and contested, and nothing contained herein shall be construed as an admission by MBNA of any liability of any kind. MBNA denies any liability in connection with any such claims and intends merely to avoid litigating the Action.



JUN 12 2007 15:59 FR BANK OF AMERICA     602 597 3959 TO 913124533440     P.04/06

Mar 07 01 09:09p     E. SCOTT FRISON JR                                              p.

9.     **Confidentiality.**

Plaintiff acknowledges that the confidentiality of this Agreement is of the utmost importance to MBNA and without the unequivocal commitment of Plaintiff to keep this Agreement confidential, MBNA would not have entered into this Agreement. Plaintiff therefore hereby unequivocally covenant he will not review, discuss or disclose, either orally or in writing, the terms of this Agreement or this Action with any other persons or entities except (i) to his tax advisors, and (ii) as required by a duly served subpoena or court order. If Plaintiff is served with such a subpoena or court order, he shall immediately notify and provide MBNA with a copy of same before disclosing any terms of this Agreement and provide MBNA with an opportunity to contest such subpoena or court order.

10.     **Notices.**

Any notice or communication required under this Agreement will be effective when received and sufficient if given in writing, and shall be addressed as follows:

For Plaintiff:          E. Scott Frison, Jr. Esq.
                        1629 K. Street, NW, Suite 300
                        Washington D.C., 20036

For MBNA:               Abraham J. Colman, Esq.
                        Amir Shlesinger, Esq.
                        Reed Smith, LLP
                        355 S. Grand Ave., Suite 2900
                        Los Angeles, CA 90071

11.     **General Provisions.**

11.1     **Attorneys' Fees and Costs.**

Each of the parties hereto shall bear his or its own costs and expenses incurred in connection with the disputes between the parties which are the subject of, or related to, this Agreement including, without limitation, the negotiation, drafting and consummation of this Agreement.

11.2     **Further Cooperation.**

Each party hereto agrees to execute all such further and additional documents and instruments, as shall be necessary or expedient to carry out the provisions of this Agreement, and shall promptly and in good faith undertake all reasonable acts to effectuate the provisions of this Agreement.

11.3     **Entire Agreement.**

This Agreement contains the entire agreement and understanding between the parties concerning the subject matter hereof, and any and all prior oral or written agreements or understandings between the parties related hereto are superseded. No representations, oral or otherwise, express or implied, other than those specifically referred to in this Agreement, have been made by any party hereto.

4 of 6



JUN 12 2007 15:59 FR BANK OF AMERICA    602 597 3959 TO 913124533440    P.05/06

Mar 07 01 09:10p    E. SCOTT FRISON JR

11.4    Choice of Law and Jurisdiction.

This Agreement is being executed in the state California and the District of Columbia, and it shall be deemed to be made under, and shall be interpreted in accordance with, the internal laws of the State of California.

11.5    Legal Advice.

Each party has had the opportunity to consult with independent legal counsel with respect to the advisability of making the settlement provided for herein and of executing this Agreement and all other matters contained herein.

11.6    Investigation.

The parties hereby acknowledge that they have read this Agreement and have had or could have it fully explained to them by counsel of their choice, and that they are fully aware of the contents of this Agreement and of the legal effect of each and every provision thereof. Each party to this Agreement has made such investigation of the facts pertaining to this Agreement and of all of the matters pertaining thereto as it deems necessary.

11.7    Waiver, Modification and Amendment.

No provision of this Agreement may be waived unless in writing signed by all parties hereto. Waiver of any one provision shall not be deemed to be a waiver of any other provision hereof. This Agreement may not be altered, amended or otherwise changed or modified, except in writing signed by both of the parties.

11.8    Severability.

If any part of this Agreement is void or otherwise invalid and hence, unenforceable, such invalid or void portion shall be deemed to be separate and severable from the balance of this Agreement, and shall be given full force and effect as though the void or invalid provision had never been a part of this Agreement.

11.9    Construction.

In construing this Agreement, none of the parties hereto shall have any term or provision, or any uncertainty or ambiguity as to any term or provision herein, construed against such party solely by reason of such party having drafted the same, as a result of the manner of the preparation of this Agreement, or otherwise. Each term and provision of this Agreement shall be construed and interpreted so as to render it enforceable. In the event any provision of this Agreement is held to be illegal or unenforceable, the remainder of this Agreement shall be binding and enforceable.

11.10    Execution in Counterparts.

This Agreement may be executed in counterparts and all of said counterparts shall collectively constitute one agreement binding on all parties.

5 of 6



JUN 12 2007 15:59 FR BANK OF AMERICA        602 597 3959 TO 913124533440        P.06/06
Mar 07 01 09:10p    E. SCOTT FRISON JR                        3018066691            p.o

11.11  <u>Faxed Signatures.</u>

Telecopied signatures shall be deemed originals, but each party transmitting its signature by telecopy shall thereafter deliver an original signature page to be appended to this Agreement.

11.12  <u>Headings or Pronouns.</u>

Headings or captions contained in this Agreement are solely for the convenience of the parties, are not a part of this Agreement, and shall not be used for the interpretation of, or determination of the validity of, this Agreement or any provision hereof. Whenever the context may so require, the masculine gender shall be deemed to refer to and include the feminine and neuter, and the singular shall be deemed to refer to and include the plural, and vice versa.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the dates set forth below.

DATED: June 12, 2007

_____
E. SCOTT FRISON, JR. ESQ.

DATED: June 12, 2007

By _____
    MARY LEE TREVINO, VICE PRESIDENT

FOR:   MBNA AMERICA BANK, N.A., now known as FIA Card Services, N.A. ("MBNA")

6 of 6



## Universal Data Form

This form is for reporting or updating account information:

| Change ☑ | Delete ☐ | Add ☐ | Delete due to Fraud ☐ | | |
|---|---|---|---|---|---|

| Subscriber Name: | Bank of America | Equifax SC | Innovis SC |
|---|---|---|---|
| Subscriber Address: | 201 North Tryon St  Charlotte  North Carolina  28255-0001 | Experian SC | TU SC |

## CONSUMER INFORMATION

| Last Name- | First- | Middle- | Gen- | SSN- | DOB- - |
|---|---|---|---|---|---|
| Current Address- | | City- | State- | Zip + 4 - - | |
| Previous Address- | | City- | State- | Zip + 4 - - | |
| Consumer Information Indicator- | | ECOA- | | Phone # - | |

## EMPLOYMENT INFORMATION

| Employer Name- | | Occupation- | |
|---|---|---|---|
| Current Address- | City- | State- | Zip + 4 - |

## ASSOCIATED CONSUMER INFORMATION

| Last Name- - | First- - | Middle- - | Gen.- - | SSN- - | DOB- - |
|---|---|---|---|---|---|
| Current Address - - | | City- - | State- - | Zip + 4 - --- | |
| Consumer Information Indicator- - | ECOA - - | | Phone- - | | |
| Last Name- - | First- - | Middle- - | Gen.- - | SSN- - | DOB- - |
| Current Address - - | | City- - | State- - | Zip + 4 - --- | |
| Consumer Information Indicator- - | ECOA - - | | Phone- - | | |

## Account Information

| Account Number | Date Opened | Current Balance | Amount Past Due | Payment History 1-24 Months |
|---|---|---|---|---|
| - | - | - | - | |
| Terms Duration/Frequency | Date Closed | Actual Payment | Date of Last Payment | Account Status | Account Type |
| null | - | - | - | | |
| Portfolio Type | Credit Limit | High Credit | Scheduled Monthly | Special Comment Code | |
| - | - | - | | | |
| Payment rating | Date of Account Information | FCRA 1st Date of Delinquency | Original Charge off Amount | Compliance Condition Code | |
| - | - | - | | | |

| Original Creditor Name (business name only) | Creditor Classification |
|---|---|
| | |

| Purchased Portfolio or Sold to Name (business name only) | Portfolio Indicator |
|---|---|
| | |

| Mortgage Agency Identifier | Secondary Marketing Agency Account # | Specialized Payment Indicator | Deferred Payment Start Date | Deferred Payment Due Date | Deferred Paymer Amount |
|---|---|---|---|---|---|
| - | - | - | - | | |

| Mortgage Identification # (MIN) | AUD control # | | | | |
|---|---|---|---|---|---|
| - | 20019968 | | | | |

**When you sign this form, you certify that your computer and/or manual records have been adjusted to reflect any changes made.**

**Authorized Signature:**                    **Date:**

**Please Print Name:**                       **Telephone:**

Exhibit 1

# EXHIBIT F

**Shlesinger, Amir**

| | |
|---|---|
| **From:** | Shlesinger, Amir |
| **Sent:** | Wednesday, July 11, 2007 10:31 AM |
| **To:** | 'Frisonlaw@aol.com' |
| **Cc:** | Colman, Abraham J. |
| **Subject:** | FW: Frison - UDF copies - Updated |
| **Attachments:** | D015B30A.PDF |

D015B30A.PDF (89
KB)

Scotty,

Attached is another version of the UDF that was submitted to the agencies.

Amir

JUN 21 2007 10:49 FR BANK OF AMERICA    602 597 3953 TO 913124533440    P.01/03
JUN-20-07 WED 07:41 AM    FIA CARD SERVICES    FAX NO. 3024580412    P. 06

aud_print    Page 1 of 1

| Universal Data Form | | | | | | | |
|---|---|---|---|---|---|---|---|
| This form is for reporting or updating account information: | | | | | | | |

| Change ☐ | Delete ☑ | Add ☐ | Delete due to Fraud ☐ | Equifax SC | ▓▓▓▓▓ | Innovis SC | ▓▓▓▓▓ |
|---|---|---|---|---|---|---|---|
| Subscriber Name: Bank of America | | | | Experian SC | ▓▓▓▓ | TU SC | ▓▓▓▓▓ |
| Subscriber Address: 201 North Tryon St. Charlotte North Carolina 28255-0001 | | | | | | | |

### CONSUMER INFORMATION

| Last Name- FRISON | First- LISA | Middle-A | Gen- | SSN-- | | DOB-- | |
|---|---|---|---|---|---|---|---|
| Current Address- 16409 EDGEPARK CT | | | City- BOWIE | State- MD | | Zip + 4 - 20716- | |
| Previous Address- | | | City- | State- | | Zip + 4 - - | |
| Consumer Information Indicator- | | ECOA- 3 | | | Phone # - | | |

### EMPLOYMENT INFORMATION

| Employer Name- | | | | Occupation- | |
|---|---|---|---|---|---|
| Current Address- | | City- | | State- | Zip + 4 - - |

### ASSOCIATED CONSUMER INFORMATION

| Last Name- FRISON | First- E | Middle-SCOTT | Gen- | SSN - Z47909862 | | DOB-- | |
|---|---|---|---|---|---|---|---|
| Current Address - 16409 EDGEPARK CT | | | City- BOWIE | State- MD | | Zip + 4 - 20716- | |
| Consumer Information Indicator- ECOA- 1 | | | Phone:-- | | | | |
| Last Name- | First- | Middle- | Gen- | SSN- | | DOB-- | |
| Current Address - | | | City- | State- | | Zip + 4 - - | |
| Consumer Information Indicator- ECOA- | | | Phone:- | | | | |

### Account Information

| Account Number | Date Opened | Current Balance | Amount Past Due | | | Payment History 1-84 Months |
|---|---|---|---|---|---|---|
| 4313020943039604 | 05-17-1995 | | | | | · · · · · · · · · · · · |
| Terms Duration/Frequency | Date Closed | Actual Payment | Date of Last Payment | Account Status | Account Type | · · · · · · · · · · · · |
| | | | | DA | 18 | · · · · · · · · · · · · |
| Portfolio Type | Credit Limit | High Credit | Scheduled Monthly | Special Comment Code | | · · · · · · · · · · · · |
| R | | | | | | · · · · · · · · · · · · |
| Payment rating | Date of Account Information | FCRA 1st Date of Delinquency | Original Charge off Amount | Compliance Condition Code | | · · · · · · · · · · · · |
| | 02-21-2002 | | | | | · · · · · · · · · · · · |

| Original Creditor Name (business name only) | | | | | Creditor Classification | |
|---|---|---|---|---|---|---|
| Purchased Portfolio or Sold to Name (business name only) | | | | Portfolio Indicator | | |
| Mortgage Agency Identifier | Secondary Marketing Agency Account # | Specialized Payment Indicator | Deferred Payment Start Date | Deferred Payment Due Date | | Deferred Payment Amount |
| Mortgage Identification # (MIN) | AUD control # 20388127 | | | | | |

When you sign this form, you certify that your computer and/or manual records have been adjusted to reflect any changes made.

**Authorized Signature:**    **Date:**

**Please Print Name: DAWN WILLIAMS**    **Telephone: (** ▓▓▓▓▓▓

JUN 21 2007 10:49 FR BANK OF AMERICA    502 597 3959 TO 913124533440    P.02/03

JUN-20-07 WED 07:42 AM  FIA CARD SERVICES        FAX NO. 3024580412        P. 07

aud_print                                                        Page 1 of 1

## Universal Data Form

**This form is for reporting or updating account information:**

| Change ☐ | Delete ☑ | Add ☐ | Delete due to Fraud ☐ | | |
|---|---|---|---|---|---|

| | | | Equifax SC | ▮▮▮▮ | Innovis SC | ▮▮▮▮ |
| Subscriber Name: Bank of America | | | Experian SC | | TU SC | |
| Subscriber Address: 201 North Tryon St  Charlotte North Carolina 28255-0001 | | | | | | |

### CONSUMER INFORMATION

| Last Name- FRISON | First- E | Middle- SCOTT | Gen- | SSN- 247909862 | DOB- - |
|---|---|---|---|---|---|
| Current Address- 16409 EDGEPARK CT | | | City- BOWIE | State- MD | Zip + 4 - 20716- |
| Previous Address- | | | City- | State- | Zip + 4 - - |
| Consumer Information Indicator- | | | ECOA- 1 | | Phone # - |

### EMPLOYMENT INFORMATION

| Employer Name- | | Occupation- | | |
|---|---|---|---|---|
| Current Address- | City- | | State- | Zip + 4 - - |

### ASSOCIATED CONSUMER INFORMATION

| Last Name- FRISON | First- LISA | Middle- A | Gen- | SSN- - | DOB- - |
|---|---|---|---|---|---|
| Current Address - 16409 EDGEPARK CT | | | City- BOWIE | State- MD | Zip + 4 - 20716- |
| Consumer Information Indicator- ECOA- 3 | | | | Phone- - | |
| Last Name- | First- | Middle- | Gen- | SSN- - | DOB- - |
| Current Address - | | | City- | State- | Zip + 4 - - |
| Consumer Information Indicator- ECOA- | | | | Phone- - - | |

### Account Information

| Account Number 4800121594185488 | Date Opened 05-17-1995 | Current Balance | Amount Past Due | Payment History 1-84 Months |
|---|---|---|---|---|
| Terms Duration/Frequency | Date Closed | Actual Payment | Date of Last Payment | Account Status DA | Account Type 18 |
| Portfolio Type R | Credit Limit | High Credit | Scheduled Monthly | Special Comment Code |
| Payment rating | Date of Account Information 01-30-2002 | FCRA 1st Date of Delinquency- | Original Charge off Amount | Compliance Condition Code |
| Original Creditor Name (business name only) | | | | Creditor Classification |
| Purchased Portfolio or Sold to Name (business name only) | | | Portfolio Indicator | |
| Mortgage Agency Identifier | Secondary Marketing Agency Account # | Specialized Payment Indicator | Deferred Payment Start Date | Deferred Payment Due Date | Deferred Payment Amount |
| Mortgage Identification # (MIN) | AUD control # 20388165 | | | |

When you sign this form, you certify that your computer and/or manual records have been adjusted to reflect any changes made.

**Authorized Signature:**                    Date:

**Please Print Name: DAWN WILLIAMS**        Telephone: (▮▮▮▮▮▮▮

aud_print                                                          Page 1 of 1

## Universal Data Form

This form is for reporting or updating account information.

| Change ☐ | Delete ☑ | Add ☐ | Delete due to Fraud ☐ | |
|---|---|---|---|---|

| Subscriber Name: | Bank of America | | Equifax SC | Innovis SC |
| Subscriber Address: | 201 North Tryon St   Charlotte North Carolina 28255-0001 | | Experian SC | TU SC |

### CONSUMER INFORMATION

| Last Name- FRISON | First- E | Middle- SCOTT | Gen- | SSN- 247909662 | DOB-- |
| Current Address- 16409 EDGEPARK CT | | | City- BOWIE | State- MD | Zip + 4 - 20716- |
| Previous Address- | | City- | State- | Zip + 4 - |
| Consumer Information Indicator- | | ECOA-1 | | Phone # - |

### EMPLOYMENT INFORMATION

| Employer Name- | | | Occupation- | |
| Current Address- | | City- | State- | Zip + 4- - |

### ASSOCIATED CONSUMER INFORMATION

| Last Name- FRISON | First- LISA | Middle- A | Gen- | SSN - - | DOB- - |
| Current Address - 16409 EDGEPARK CT | | City- BOWIE | State- MD | Zip + 4 - 20716- |
| Consumer Information Indicator- ECOA- 3 | | | Phone-- |
| Last Name- | First- | Middle- | Gen- | SSN- | DOB-- |
| Current Address - | | City- | State- | Zip + 4- |
| Consumer Information Indicator- ECOA- | | | Phone- - |

### Account Information

| Account Number | Date Opened | | Current Balance | Amount Past Due | Payment History 1-84 Months |
|---|---|---|---|---|---|
| 480012199932815 4 | 05-17-1995 | | | | |
| Terms Duration/Frequency | Date Closed | Actual Payment | Date of Last Payment | Account Status | Account Type |
| | | | | DA | 18 |
| Portfolio Type | Credit Limit | High Credit | Scheduled Monthly | Special Comment Code | |
| R | | | | | |
| Payment rating | Date of Account Information | FCRA 1st Date of Delinquency | Original Charge off Amount | Compliance Condition Code | |
| | 06-13-2007 | | | | |

| Original Creditor Name (business name only) | | | Creditor Classification |
| Purchased Portfolio or Sold to Name (business name only) | | Portfolio Indicator | |

| Mortgage Agency Identifier | Secondary Marketing Agency Account # | Specialized Payment Indicator | Deferred Payment Start Date | Deferred Payment Due Date | Deferred Paymer Amount |
| Mortgage Identification # (MIN) | AUD control # | | | | |
| | 20358191 | | | | |

**When you sign this form, you certify that your computer and/or manual records have been adjusted to reflect any changes made.**

Authorized Signature: _____          Date: _____

**Please Print Name: DAWN WILLIAMS**          Telephone: _____

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| E. SCOTT FRISON, JR. ESQ., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 1:06CV01974 (RCL) |
| | ) | |
| v. | ) | |
| | ) | |
| MBNA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>DECLARATION OF SCOTT W. MILLER IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE WRITTEN SETTLEMENT AGREEMENT</u>

**REED SMITH LLP**
Allison M. Lefrak, Esq.
D.C. Bar No. 485650
Suite 1100 -- East Tower
1301 K Street, N.W.
Washington, D.C. 20005
Phone: (202) 414-9483
Fax:    (202) 414-9299

Attorney for Defendant
MBNA America Bank, N.A.
erroneously sued as MBNA, a corporation

Dated:  August 2, 2007

**I, Scott W. Miller, declare:**

1.     I am Vice President, Operations Manager at MBNA America Bank, N.A., now known as FIA Card Services, N.A. ("MBNA").  I make this Declaration in support of MBNA's Motion to Enforce Written Settlement Agreement in the above-captioned action.  If called as a witness, I could and would competently testify to the matters set forth herein, except as to those matters which are stated on information and belief.

2.     As a Vice President, Operations Manager with MBNA my job responsibilities include overseeing and managing MBNA's Credit Bureau Dispute Group.  As such, I have become and am familiar with the way MBNA reports credit information to the credit bureaus and the way MBNA requests that accounts be deleted from these credit bureaus.  I am familiar with Universal Data Forms, how they are prepared, what they need to have to be effective, and how they are submitted to the credit reporting bureaus.

3.     I reviewed E. Scott Frison, Jr.'s MBNA account which is at issue in this action and it has been closed by MBNA.  MBNA also submitted Universal Data Forms ("UDF") to the credit bureaus to delete the tradeline.

4.     Attached hereto as Exhibit A is a true and correct copy of a UDF that MBNA prepared and faxed to TransUnion, Experian and Equifax requesting that Mr. Frison's account be deleted.  I am informed and believe that this document was submitted to the credit bureaus on or about June 13, 2007.

5.     Attached hereto as Exhibit B is a true and correct copy of second UDF that MBNA prepared and submitted electronically to TransUnion, Experian, Equifax, and Innovis requesting that Mr. Frison account be deleted.  I am informed and believe that this document was submitted to the credit bureaus on or about June 20, 2007.

1

6.    I am very familiar with the UDF process as I deal with these documents frequently in the ordinary course of business.  UDFs do not have to be signed to be effective.  And, MBNA does not sign UDFs before submitting them to the credit reporting bureaus.

I declare under penalty of perjury that the foregoing is true and correct.   Executed on August 2, 2007 in Newark, Delaware.

_____
SCOTT W. MILLER

DOCSLA-15599927.1

# EXHIBIT A

# UNIVERSAL DATA FORM

**General Help (F1)**    This form has been approved for reporting or updating account information.

[ ] New    [ ] Change    If change makes trade current, is previous delinquent history to be deleted?
[X] Delete (By checking Delete, tradeline will be removed)    [ ] Yes    [ ] No
(Do not include security passwords with codes below.)

Subscriber Name:    MBNA America    EXPERIAN Subscriber Code: _____
Subscriber Address: _____    EQUIFAX Subscriber Code: _____
                                   Trans Union Subscriber Code: _____

## CONSUMER INFORMATION

| Surname | First | Middle Name | Suffix | SSN: | | DOB |
|---|---|---|---|---|---|---|
| FRISON | E | SCOTT | | 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 | | |

| Current Address | City | State | Zip Code |
|---|---|---|---|
| 16409 EDGEPARK CT | BOWIE | MD | 20716 |

| Current Employer Name | Occupation | City | State |
|---|---|---|---|
| | | | |

### Co-Applicant Information

| Surname | Name | Middle Name | Suffix | SSN: | DOB |
|---|---|---|---|---|---|
| FRISON | LISA | A | | | |

| Address (if different) | City | State | Zip Code |
|---|---|---|---|
| | | | |

| Employer Name | Occupation | City | State |
|---|---|---|---|
| | | | |

## CURRENT HISTORICAL ACCOUNT INFORMATION

| Account Number | | Present Status | | | 24-Month Payment History | Type Acct/ |
|---|---|---|---|---|---|---|
| 4313020943039604 | | | | | MOP History | MOP |
| 4800121594185488 | Date Open | Date | Balance | Past Due | | |
| | 5/17/1995 | | | | | |

| Metro Status Code | Orig. or Credit Limit Amt. | Terms/ Amount | Date Last Pay | Maximum Delinquency | | | Status Closed Date | CCC | CII | SCC | ECOA |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Date | Amt.* | MOP | | | | | |
| | | | | /  / | | | /  / | | | | |

| Type of Loan | High Credit | First Delinquency | | | | Historical Status | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Date | P&L Amount | MOP | 30 | 60 | 90 | 120 | 150 | 180 |
| | $11,453 | | | | | | | | | |

*Must be present when reporting a charge off or repossession.    [ ] Automated    [ ] Manual
When you sign this form, you certify that your computer and/or manual records have been adjusted to reflect any changes made.

## AND 4800121999328154. DELETE ACCOUNTS FROM REPORTING TO CONSUMERS FILES.

Authorized Signature: _____    Date: 6/13/2007

Please Print Name: DAWN D WILLIAMS    Telephone: ( )  -    EXT.

# EXHIBIT B

JUN 21 2007 10:49 FR BANK OF AMERICA    602 597 3959 TO 913124533440    P.01/03
JUN-20-07 WED 07:41 AM  FIA CARD SERVICES        FAX NO. 3024580412        P. 06

aud_print                                                          Page 1 of 1

## Universal Data Form

This form is for reporting or updating account information:

| Change ☐ | Delete ☑ | Add ☐ | Delete due to Fraud ☐ |

| Subscriber Name: | Bank of America | Equifax SC | ⬛⬛⬛ | Innovis SC | ⬛⬛⬛ |
| Subscriber Address: | 201 North Tryon St  Charlotte North Carolina  28255-0001 | Experian SC | ⬛⬛⬛ | TU SC | |

### CONSUMER INFORMATION

| Last Name- FRISON | First- LISA | Middle- A | | Gen- | SSN- - | DOB- - |
| Current Address- 16409 EDGEPARK CT | | | City- BOWIE | State- MD | Zip + 4 - 20716- |
| Previous Address- | | | City- | State- | Zip + 4 - - |
| Consumer Information Indicator- | | | ECOA- 3 | | Phone # - |

### EMPLOYMENT INFORMATION

| Employer Name- | | Occupation- |
| Current Address- | City- | State- | Zip + 4 - - |

### ASSOCIATED CONSUMER INFORMATION

| Last Name- FRISON | First- E | Middle- SCOTT | | Gen- | SSN - 247909882 | DOB- - |
| Current Address - 16409 EDGEPARK CT | | | City- BOWIE | State- MD | Zip + 4 - 20716- |
| Consumer Information Indicator- ECOA- 1 | | | | Phone- | |
| Last Name- | First- | Middle- | | Gen- | SSN- - | DOB- - |
| Current Address - | | | City- | State- | Zip + 4 - - |
| Consumer Information Indicator- ECOA- | | | | Phone- - | |

### Account Information

| Account Number | Date Opened | | Current Balance | Amount Past Due | | Payment History 1-84 Months |
| 4313020943039604 | 05-17-1995 | | | | | |

| Terms Duration/Frequency | Date Closed | Actual Payment | Date of Last Payment | Account Status | Account Type |
| . | | | DA | | 18 |

| Portfolio Type | Credit Limit | High Credit | Scheduled Monthly | Special Comment Code |
| R | | | | |

| Payment rating | Date of Account Information | FCRA 1st Date of Delinquency | Original Charge off Amount | Compliance Condition Code |
| | 02-21-2002 | | | |

| Original Creditor Name (business name only) | | Creditor Classification |

| Purchased Portfolio or Sold to Name (business name only) | | Portfolio Indicator |

| Mortgage Agency Identifier | Secondary Marketing Agency Account # | Specialized Payment Indicator | Deferred Payment Start Date | Deferred Payment Due Date | Deferred Payment Amount |

| Mortgage Identification # (MIN) | AUD control # |
| | 20388127 |

When you sign this form, you certify that your computer and/or manual records have been adjusted to reflect any changes made.

Authorized Signature:                    Date:

Please Print Name: DAWN WILLIAMS          Telephone: ( ⬛⬛⬛⬛

JUN 21 2007 10:49 FR BANK OF AMERICA        602 597 3959 TO 913124533440        P.02/03

JUN-20-07 WED 07:42 AM  FIA CARD SERVICES        FAX NO. 3024580412        P. 07

aud_print        Page 1 of 1

## Universal Data Form

This form is for reporting or updating account information:

Change ☐    Delete ☑    Add ☐    Delete due to Fraud ☐

| Subscriber Name: | Bank of America | | Equifax SC | | Innovis SC | |
| Subscriber Address: | 201 North Tryon St  Charlotte North Carolina  28255-0001 | | Experian SC | | TU SC | |

### CONSUMER INFORMATION

| Last Name- FRISON | First- E | Middle- SCOTT | Gen- | SSN- 247909882 | DOB- |
| Current Address- 16409 EDGEPARK CT | | | City- BOWIE | State- MD | Zip + 4 - 20716- |
| Previous Address- | | City- | State- | Zip + 4 - |
| Consumer Information Indicator- | ECOA- 1 | | Phone # - |

### EMPLOYMENT INFORMATION

| Employer Name- | | Occupation- | |
| Current Address- | City- | State- | Zip + 4 - - |

### ASSOCIATED CONSUMER INFORMATION

| Last Name- FRISON | First- LISA | Middle- A | Gen- | SSN - - | DOB- - |
| Current Address - 16409 EDGEPARK CT | | City- BOWIE | State- MD | Zip + 4 - 20716- |
| Consumer Information Indicator- ECOA- 3 | | | Phone- - |
| Last Name- | First- | Middle- | Gen- | SSN- - | DOB- - |
| Current Address - | City- | State- | Zip + 4 - - |
| Consumer Information Indicator- ECOA- | | | Phone- - |

### Account Information

| Account Number | Date Opened | Current Balance | Amount Past Due | Payment History 1-84 Months |
| 4800121594185488 | 05-17-1995 | | | |
| Terms Duration/Frequency | Date Closed | Actual Payment | Date of Last Payment | Account Status | Account Type |
| | | | | DA | 18 |
| Portfolio Type | Credit Limit | High Credit | Scheduled Monthly | Special Comment Code | |
| R | | | | |
| Payment rating | Date of Account Information | FCRA 1st Date of Delinquency | Original Charge off Amount | Compliance Condition Code | |
| | 01-30-2002 | | | |

| Original Creditor Name (business name only) | | Creditor Classification |
| Purchased Portfolio or Sold to Name (business name only) | | Portfolio Indicator | |
| Mortgage Agency Identifier | Secondary Marketing Agency Account # | Specialized Payment Indicator | Deferred Payment Start Date | Deferred Payment Due Date | Deferred Payment Amount |
| Mortgage Identification # (MIN) | AUD control # | | | | |
| | 20388165 | | | | |

When you sign this form, you certify that your computer and/or manual records have been adjusted to reflect any changes made.

Authorized Signature:        Date:

Please Print Name: DAWN WILLIAMS        Telephone: (

JUN 21 2007 10:49 FR BANK OF AMERICA      602 597 3959 TO 913124533440      P.03/03
JUN-20-07 WED 07:43 AM   FIA CARD SERVICES      FAX NO. 3024580412      P. 08

aud_print                                                          Page 1 of 1

## Universal Data Form

This form is for reporting or updating account information:

| Change ☐ | Delete ☑ | Add ☐ | Delete due to Fraud ☐ |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Subscriber Name: | Bank of America | Equifax SC ▓▓▓▓ | Innovis SC ▓▓▓▓ |
| Subscriber Address: | 201 North Tryon St    Charlotte North Carolina 28255-0001 | Experian SC | TU SC ▓▓▓▓ |

### CONSUMER INFORMATION

| Last Name- FRISON | First- E | Middle- SCOTT | Gen- | SSN- 247909862 | DOB- |
|---|---|---|---|---|---|
| Current Address- 16409 EDGEPARK CT | | | City- BOWIE | State- MD | Zip + 4 - 20716- |
| Previous Address- | | | City- | State- | Zip + 4 - |
| Consumer Information Indicator- | | | ECOA- 1 | | Phone # - |

### EMPLOYMENT INFORMATION

| Employer Name- | | Occupation- |
|---|---|---|
| Current Address- | City- | State- | Zip + 4 - |

### ASSOCIATED CONSUMER INFORMATION

| Last Name- FRISON | First- LISA | Middle- A | Gen.- | SSN - | DOB- |
|---|---|---|---|---|---|
| Current Address - 16409 EDGEPARK CT | | | Cty- BOWIE | State- MD | Zip + 4 - 20716- |
| Consumer Information Indicator- ECOA- 3 | | | | Phone- - | |
| Last Name- | First- | Middle- | Gen.- | SSN- | DOB- - |
| Current Address - | | | City- | State- | Zip + 4 - |
| Consumer Information Indicator- ECOA- | | | | Phone- - | |

### Account Information

| Account Number | Date Opened | Current Balance | Amount Past Due | Payment History 1-84 Months |
|---|---|---|---|---|
| 4800121999326154 | 05-17-1995 | | | |

| Terms Duration/Frequency | Date Closed | Actual Payment | Date of Last Payment | Account Status | Account Type |
|---|---|---|---|---|---|
| | | | DA | | 18 |

| Portfolio Type | Credit Limit | High Credit | Scheduled Monthly | Special Comment Code |
|---|---|---|---|---|
| R | | | | |

| Payment rating | Date of Account Information | FCRA 1st Date of Delinquency | Original Charge off Amount | Compliance Condition Code |
|---|---|---|---|---|
| | 06-13-2007 | | | |

| Original Creditor Name (business name only) | | Creditor Classification |
|---|---|---|

| Purchased Portfolio or Sold to Name (business name only) | Portfolio Indicator |
|---|---|

| Mortgage Agency Identifier | Secondary Marketing Agency Account # | Specialized Payment Indicator | Deferred Payment Start Date | Deferred Payment Due Date | Deferred Payment Amount |
|---|---|---|---|---|---|

| Mortgage Identification # (MIN) | AUD control # |
|---|---|
| | 20388191 |

When you sign this form, you certify that your computer and/or manual records have been adjusted to reflect any changes made.

Authorized Signature:                     Date:

Please Print Name: DAWN WILLIAMS          Telephone: ▓▓▓▓▓▓

https://www.e-oscar-web.net/eoscarweb/com.att.eoscar.acdvaud.PrintServletCreateAUD      6/20/2007

** TOTAL PAGE.03 **

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| E. SCOTT FRISON, JR. ESQ., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 1:06CV01974 (RCL) |
| | ) | |
| v. | ) | |
| | ) | |
| MBNA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER ENFORCING WRITTEN SETTLEMENT AGREEMENT AND DISMISSING ACTION WITH PREJUDICE

After considering the moving papers, all matters submitted in response and reply thereto, the Court finds by clear and convincing evidence that the parties executed a valid, enforceable, written settlement agreement resolving all of disputes in this action, and it is hereby,

ORDERED that MBNA America Bank, N.A.'s ("MBNA"), erroneously sued as MBNA, a corporation, motion to enforce the parties' written, executed Settlement Agreement is GRANTED; and it is further

ORDERED that, in accordance with the terms of the settlement agreement enforced herein, this case is hereby DISMISSED WITH PREJUDICE as settled.

IT IS SO ORDERED.

DATED: _____       _____

The Honorable Royce C. Lamberth
United States District Judge

1